SOUTHERN PHOTO & BLUE PRINT CO. *et al. v.* GORE, COM-
MISSIONER, *et al.*

(*Nashville,* December Term, 1937.)

Opinion filed April 2, 1938.

FRED M. WILLIAMS, of Chattanooga, for appellants.

ROY H. BEELER, Attorney-General, HARRY PHILLIPS and EDWIN F. HUNT, Assistant Attorneys-General and ALEX H. GRAY, Chief Counsel, Unemployment Compensation Division, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Complainants seek by their bill herein to recover certain contributions assessed against them by defendants under the Unemployment Compensation Law of Tennessee, chapter 1, Public Acts, First Extraordinary Session 1936, as amended by chapter 128, Public Acts 1937, and paid by them under protest. It is charged that the act is unconstitutional for reasons hereinafter appearing.

The assessments in question are those for the first six months of 1937.

Complainants are two limited partnerships doing business in the city of Chattanooga. The Southern Photo & Blue Print Company was organized on December 31, 1936, and on the same day acquired all the assets and good will of a corporation of the same name. Taywal, Limited, was organized on June 30, 1937, and on the same day acquired all the assets and good will of the Taywal Corporation. Both of the predecessor corporations employed eight or more individuals. The two successor partnerships did not employ as many as eight individuals for any portion of the year 1937 up to August 13, 1937, when the bill was filed.

It is further charged, in effect, that even if the act is

constitutional, complainants are not liable for contributions under a correct interpretation of its provisions and that the contributions in question were wrongfully and illegally exacted; and that the commissioner has abused his authority in promulgating unreasonable rules and regulations requiring contributions to be paid quarterly and monthly instead of annually.

The defendants, not raising any question as to the misjoinder of parties complainant, filed a general demurrer upon two grounds: That the bill shows on its face (1) that the contributions in question were legally and properly collected, and (2) that the Unemployment Compensation Law does not violate any provision of the Constitution of Tennessee nor the Constitution of the United States.

The chancellor sustained the demurrer and dismissed the bill, holding the act to be constitutional and valid legislation, and ruled that the regulations "are not set out in the bill nor made an exhibit thereto so that any issue is or can be made thereon as to whether illegal and void."

Complainants have appealed to this court and assigned errors.

The first assignment is, in substance, that the chancellor erred in holding the act in question constitutional, because it violates section 17, article 2, of the Constitution of the state of Tennessee, in that the act is broader than its caption, contains more than one subject, and fails to recite in its title or otherwise the substance of former laws amended. The provision of the Constitution referred to is as follows:

"No bill shall become a law, which embraces more than one subject; that subject to be expressed in the title.

All acts which repeal, revive or amend former laws, shall recite in their caption or otherwise, the title or substance of the law repealed, revived or amended.''

The title of the act in question is as follows:

''An Act to provide a system of unemployment compensation benefits, to provide funds therefor, and to provide for the administration thereof.''

■■ The generality of the title is no objection to it. So long as the subject matter of the body of the act is germane to that expressed in the title, it is free from the objection that the body of the act is broader than its caption. *Cannon* v. *Mathes,* 55 Tenn. (8 Heisk.), 504; *Palmer* v. *Southern Express Co.,* 129 Tenn., 116, 165 S. W., 236; *Armstrong* v. *City of South Fulton,* 169 Tenn., 54, 82 S. W. (2d), 862; *Lamb et al.* v. *Whitaker,* 171 Tenn., 485, 105 S. W. (2d), 105. In *Couch* v. *State,* 140 Tenn., 156, 203 S. W., 831, it was held that a general subject expressed in the title of the statute justifies provisions in the body of the act as to the manner, means, and instrumentalities whereby the statute may be enforced, or administered, or its purposes accomplished.

■ Complainants contend that the following subjects are not covered by the title to the act here in question: Benefit payments; eligibility for benefits; disqualification for benefits; claims for benefits; period, election, and termination of employer's coverage; employment service; collection of contributions; protection of rights and benefits; establishment of a special fund and designation of the United States Treasury as depository thereof; and requiring contributions through a tax upon employers of eight or more individuals. All of these provisions are germane to the title and constitute, in part, the method,

manner, and means by which the purposes of the statute may be accomplished.

■ It is insisted that the title of the act deals with the general subject of unemployment while the body of the act deals with the subjects of employment and unemployment. The purpose of the act, as shown by its title, is "to provide a system of unemployment compensation benefits, to provide funds therefor, and to provide for the administration thereof." The exaction of contributions from the employer of eight or more individuals is an essential part of the "system of unemployment compensation benefits" and the method adopted "to provide funds therefor." We are unable to see any merit whatever in this contention of complainants.

■ It is next contended that a Board of Review is created in the body of the act of which no mention is made in its title. The board is part of the administrative organization created by the act. It cannot be doubted that the creation of the Board of Review is germane to the purpose expressed in the title of the act "to provide for the administration thereof." Without the administrative agencies set up in the act, the whole purpose of the legislation would inevitably be frustrated. Complainants rely on the case of *Mengel Box Co.* v. *Fowlkes,* 135 Tenn., 202, 186 S. W., 91. In that case the court had before it an act creating a levee and drainage district. Priv. Acts 1915, chapter 186. In the body of the act a new court was created to hear and determine "all matters concerning the district and involved in dispute." No mention whatever of the creation of this court was made in the title of the act, nor was there any general expression of purpose contained in the title to which the creation of the court could be reasonably related.

■ Another contention made is that section 10(a) of the act, Pub. Acts 1936, 1st Ex. Sess., chapter 1, creates in the Department of Labor a division to be known as the Unemployment Compensation Division, to be administered by a full-time salaried director, who shall be subject to the supervision of the commissioner of labor, which is an entirely different subject from that set forth in the title of the act. Obviously, we think, the creation of the new instrumentality for the administration of the act had direct relation to the purpose expressed in the title of the act.

■■ It is insisted that with respect to the creation of the Department of Unemployment Compensation Division the act adds to the Department of Labor a new division, and thereby amends Code, sections 255 and 335, without recitation in its title, or otherwise, the title or substance of the law amended, in violation of the last clause of section 17, article 2, of the Constitution of this state. This constitutional provision applies to statutes expressly purporting to repeal, revive, or amend former laws, and not to statutes operating by necessary implication from their positive provisions to repeal, revive, or amend former laws. *State ex rel.* v. *Gaines,* 72 Tenn. (4 Lea), 352; *Mayor & Aldermen of Knoxville* v. *Lewis,* 80 Tenn. (12 Lea), 180; *Koen* v. *State,* 162 Tenn., 573, 39 S. W. (2d), 283, and other cases to like effect too numerous to mention.

■ Complainants contend that section 9008 of the Code. (providing for review of actions of boards or commissions by *certiorari*) is amended by the provision of the act for appeals to the chancery court from decisions of the Board of Review. This same contention, with respect to another act, was overruled by this court on March 5,

1938, in *Waldauer* v. *Britton,* 172 Tenn., 649, 113 S. W. (2d), 1178. The act does not violate section 17, article 2.

By their second assignment of error, complainants assert that the chancellor was in error in sustaining the demurrer and dismissing the bill, because under a proper construction of the act the contributions or taxes had been illegally collected from them.

Section 19(f) of the act, as amended by Pub. Acts 1937, chapter 128, sections 83, 89, in the parts thereof material to this suit, is as follows:

" 'Employer' means:

"(1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment, eight or more individuals (irrespective of whether the same individuals are or were employed in each such day).

"(2) Any individual or employing unit which acquired the organization, trade or business, or substantially all the assets thereof, of another which at the time of such acquisition was an employer subject to this Act; . . .

"(5) Any employing unit which, having become an employer under subsection (1), (2), (3), or (4), has not, under Section 8, ceased to be an employer subject to this Act."

Section 8(a) and (b), as amended by Pub. Acts 1937, chapter 128, section 37, are as follows:

"(a) Any employing unit which is or becomes an employer subject to this Act within any calendar year shall be subject to this Act during the whole of such calendar year.

"(b) Except as otherwise provided in subsection (c)

of this section, an employing unit shall cease to be an employer subject to this Act only as of the 1st day of January of any calendar year, only if it files with the Commissioner, prior to the 5th day of January of such year, a written application for termination of coverage, and the Commissioner finds that there were no twenty different days, each day being in a different week within the preceding calendar year, within which such employing units employed eight or more individuals in employment subject to this Act. For the purpose of this subsection, the two or more employing units mentioned in paragraph (2) or (3) or (4) of section 19(f) shall be treated as a single employing unit.''

The commissioner exacted contributions of complainants for the first and second quarter of 1937. Contributions for 1936 had been paid.

Section 7(a) (1) of the act is as follows:

''On and after January 1, 1936, contributions shall accrue and become payable by each employer for each calendar year in which he is subject to this Act, with respect to wages payable for employment (as defined in section 19(g) occurring during such calendar year. Such contributions shall become due and be paid by each employer to the Commissioner for the fund in accordance with such regulation as the Commissioner may prescribe.''

Under the act when the status of ''employer'' once attaches under section 19(f) it continues until terminated in the manner provided by section 8.

Complainant, Southern Photo & Blue Print Company, as hereinbefore stated, acquired all of the assets and good will of a corporation subject to the act. It succeeded to the property and business of the predecessor corporation on December 31, 1936. Within the contemplation of the

act, the change of ownership of the business did not terminate the status of the employing unit as "employer." Hence, it remained an "employer" during the year 1937. The same is true with respect to the second complainant, Taywal, Limited.

It is argued that the exaction of contributions of complainants is, in its nature, a tax on the transfer of property. We think this argument is based on a misconception of the intent and purpose of what is termed the successor in interest clause, section 19(f) of the act. Complainants acquired not only the assets of their respective predecessors, but also the good will of their respective businesses. The ownership of the businesses was simply shifted from the former owners to complainants. They were charged with the knowledge that under the act their respective predecessors occupied the status of "employers" and that they, by virtue of such acquisitions, would succeed to such status. If complainants contemplated the carrying on of the respective businesses with less than eight employees there was nothing to prevent them from demanding that they be indemnified against the contributions for the year 1937, which they were charged with knowing would be required of them under the terms of the act.

In our opinion section 19(f) of the act is valid and complainants were liable for the contributions exacted of them.

The third assignment of error is to the effect that the chancellor was in error in holding that the regulations alleged in the bill to have been promulgated by the commissioner were not a part of the record in the case and, therefore, could not be considered. It is insisted that the substance of the regulations complained of are set out

in the bill. An examination of the bill fails to reveal any such sufficient pleading as could justify the court in passing upon the question of the validity of the regulations.

We are constrained to overrule all of the assignments of error and affirm the decree of the chancellor. Appellants will pay the costs of the appeal.