No. 15,396.

TEETS, EXECUTIVE DIRECTOR OF THE DEPARTMENT OF
EMPLOYMENT SECURITY ET AL. *v.* RAPALJE, DOING
BUSINESS AS R. W. T. MOTOR SERVICE.
(148 P. [2d] 815)

Decided April 24, 1944.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. HENRY E. ZARLENGO, Assist-
ant, for plaintiffs in error.

Messrs. LANGDON & BARBRICK, for defendant in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the
court.

THIS case involves a question of liability for contribution under the Colorado Unemployment Compensation Act, adopted in 1936 and amended in 1937 and 1939. The parties are before us in reverse order of their appearance in the trial court, and we shall refer to them as they there appeared. The action originated in the district court of Pueblo county, when plaintiff brought suit praying that it be adjudged that he is not, and since the first day of January, 1939, has not been subject to said act nor required to make any contributions thereunder, and that the act in so far as applicable to plaintiff be declared unconstitutional and void, and that defendants be enjoined from enforcing or attempting to enforce the provisions of said act against plaintiff, and from seeking to collect the amount of the assessment attempted to be made against him by notice of lien filed by said department.

The evidence consists of the testimony of plaintiff, detailing his efforts to learn about the Unemployment Compensation Act and how to become exempt from its provisions; two exhibits — a letter dated September 17, 1940, from defendant addressed to plaintiff, and copy of a letter dated October 30, 1940, addressed to defendant by plaintiff's attorney; and, finally, a stipulation between the parties in the nature of an agreed statement of facts.

From the foregoing it appears that the R. W. T. Motor Service was a Colorado corporation, of which plaintiff was a compensated officer and his wife and mother were uncompensated officers; that during the year 1937, and practically all of the first half of 1938, the company had eight or more employees on its payroll; that after about July, 1938, the company never had eight or more employees, unless the two uncompensated officers were included; that on December 8, 1938, the company wrote to the Unemployment Compensation Department asking reclassification so as not to be subject to the tax and pointing out that two of its employees

were directors of the company and were uncompensated. The office of defendant replied that, although uncompensated directors were not classed as employees under the act, corporate officers, whether receiving compensation or not, were so classified, and that therefore the company was still liable. The corporation was dissolved in September, 1939, and, although having less than eight employees, it made contributions up to the date of dissolution. Plaintiff succeeded to the ownership of the business and has since continued to operate it as an individual. He was notified by defendant that he would be considered an employer and subject to the tax by reason of his succeeding to the ownership of the corporation, and, under date of March 18, 1940, was requested to make a report.

The matter was further considered in conference and by correspondence, and reference was made to the case then pending in this court (*Brannaman v. Richlow Mfg. Co.*, 106 Colo. 317, 104 P. [2] 897, decided July 1, 1940, rehearing denied on July 24, 1940) in which we held that the noncompensated officer of a company was not to be counted as an employee in computing the number of employees of an employing unit. Apparently as a result of our ruling in that case, an assistant attorney general, under date of September 17, 1940, acting for defendant, wrote plaintiff inquiring whether he desired to remain under the law by voluntary election or, in the alternative, make claim for refund. Plaintiff thereupon replied that he did not have the required number of employees to bring him under the act; that he did not desire to remain under it voluntarily, and that he felt that either he or the corporation were entitled to a refund. There then ensued several conferences and some correspondence, from which it was finnally concluded that the letter of December 27, 1938, could be accepted as a request for termination. But when, after an investigation, it was definitely established that the corporation had had eight or more employees during the first half of

the year 1938, the department took the position that, even though that letter were treated as a formal request for termination, the termination could not lawfully be made to cover the year 1938 and in fact was not made. Thereafter no formal application for termination was made in writing for the year 1939 or subsequent years.

The trial court held against plaintiff's contention that amended section 19 (f) (2) of the act was unconstitutional, but adjudged that plaintiff did not at any time have in his employ eight or more employees, and that he did not become subject to the act when he succeeded to the business of the R. W. T. Motor Service on or about October 1, 1939.

Defendants' position is that the R. W. T. Motor Service was admittedly liable for contribution under the act during the years 1936, 1937 and 1938 by virtue of section 19 (f) (1) which defines "Employer" as: "Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment, eight or more individuals (irrespective of whether the same individuals are or were employed in each such day)"; that the company continued to be under the act during 1939 by virtue of section 8, chapter 2, Third Extraordinary Session Laws 1936, as amended by section 6, chapter 260, Session Laws of 1937, and as further amended by section 6, chapter 170, Session Laws of Colorado 1939, subsection (b) of which reads as follows: "Except as otherwise provided in subsection (c) of this section, an employing unit shall cease to be an employer subject to this act only as of the 1st day of January of any calendar year, only if it files with the commission, prior to the first day of March of such year, a written application for termination of coverage, and the commission finds that during the preceding calendar year, such employing unit was not an employer as defined in this

act"; and also by virtue of section 19 (f) (5) which reads: " 'Employer' means * * * Any employing unit which, having become an employer under paragraph (1), (2), (3), or (4), has not, under section 8, ceased to be an employer subject to this Act"; * * *; that plaintiff, upon dissolution of the R. W. T. Motor Service, having acquired substantially all of the assets of that company, became liable for contribution under the act by virtue of amended section 19 (f) (2), S.L. '37, p. 1272, which reads as follows: " 'Employer' means: * * * Any individual or employing unit which acquired the organization, trade or business, or substantially all the assets thereof, of another which at the time of such acquisition was an employer subject to this Act"; and further that plaintiff, never having made written application in accordance with section 8, supra, for termination of coverage, continued up to December 31, 1941, to be liable for contribution under the act.

Plaintiff argues 1: That under a literal interpretation of amended section 19 (f) (2) if he in October, 1939, became an "employer," then it would be impossible for the department to find that he was not an employer during 1939 so as to terminate his coverage as of January 1, 1940. Likewise, he would be an employer in 1940 and could not terminate his coverage as of January 1, 1940, and so on ad infinitum. On that theory his coverage never could be terminated. He further argues that an application for termination of his coverage as of January 1, 1940, would have been unavailing, because it would have been denied just as the company's application for termination as of January 1, 1939, was denied.

We believe plaintiff's position is correct, because it appears that the department both in 1939 and 1940 was following the federal regulation which required officers of corporations to be counted as employees, even though they were uncompensated. The matter still was unsettled at the beginning of the year 1940, and both sides

were then awaiting the outcome of the Richlow case, supra. There had been no change of position going into the new year.

It is contended that the trial judge's position was that the word "employer" under amended section 19 (f) (2), supra, meant an employing unit which had in its employ eight or more persons in each of twenty weeks of the calendar year; that inasmuch as the corporation had not had eight or more employees at any time during the year 1939, and had been dissolved, it could not be an employer subject to the act in that year, and that therefore plaintiff, by acquiring substantially all of its assets, did not become subject to the act. We are of the opinion that such an interpretation was the proper one and expressed the intent of the legislature by making the law workable, and at the same time fair in its operation.

Plaintiff has filed a motion to strike the transcript of evidence because of defendants' failure to lodge such transcript with the clerk of the district court within sixty days next after date of judgment of the trial court. He also has filed a cross-specification of error based upon the ground that the trial court failed to find that section 19 (f) (2) of the Unemployment Compensation Act of 1936, as amended in 1937, was unconstitutional, because discriminatory. By reason of our disposition of the case on the ground mentioned, we deem it unnecessary to pass upon these two questions. In respect to the constitutional question, it should be noted that the General Assembly in 1941 rewrote and re-enacted the entire unemployment compensation law (S.L. '41, c. 224), from which section 19 (f) (2) was omitted. There is no saving clause in the 1941 act. This would appear to confirm our interpretation of the legislative intent.

Judgment is affirmed.