[Civ. No. 7111.   Third Dist.   Mar. 27, 1945.]

CALIFORNIA EMPLOYMENT STABILIZATION COMMISSION, Respondent, v. LEE S. LEWIS, Appellant.

E. S. Mitchell for Appellant.

Robert W. Kenny, Attorney General, and Clarence A. Linn and Doris H. Maier, Deputies Attorney General, for Respondent.

ADAMS, P. J.—This action was brought to recover contributions claimed to be due from defendant as an employer, under the provisions of the California Unemployment Insurance Act. (Stats. 1935, ch. 352, as amended; 3 Deering's Gen. Laws, Act 8780d.) The facts are not in dispute, the parties having stipulated that on July 22, 1940, defendant entered into a contract in writing to purchase Cralle's barber shop in Eureka; that on said date notice of intended sale was recorded in accordance with section 3440 of the Civil Code; that dedendant took possession of the shop as owner, on August 1, 1940, and was thereafter, during the period covered in the complaint, the actual operating owner thereof; that from August 1, 1940, to June 30, 1941, the period for which contributions were claimed, defendant employed four employees for a period of six weeks, one of them being a janitor who worked one day a week and was paid $1.25 per week; that actual wages paid by defendant from August 1, 1940, to June 30, 1941, amounted to $119; that prior to defendant's purchase of the property his predecessor had employed four or more employees on twenty days or longer, each day being in a different calendar week.

Plaintiff contended that defendant was an employer within the provisions of sections 9(a) and 9(b) of the act, and was liable for contributions under 9(b), though he did not himself employ enough men for a sufficient period to bring himself within the definition of an employer under section 9(a) of the act. Those sections provide:

"§ 9. ... 'Employer' means:

"(a) Any employing unit, which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, has within the current calendar year or had within the preceding calendar year in employment four or more individuals, irrespective of whether the same individuals are or were employed in each such day; . . .

"(b) Any individual or employing unit which acquired the organization, trade or business, or substantially all the assets thereof, of another which at the time of such acquisition was an employer subject to this act."

Section 9.5 of said act provides:

"Any employing unit which is or becomes an employer subject to this act within any calendar year shall be subject to this act during the whole of such calendar year."

Section 9.7 provides a method by which an employer who ceases to be subject to the provisions of the act may terminate his coverage in a proper case by application to the commission for such termination.

Defendant contended that as he had not employed enough employees during the period set forth in the complaint to constitute him an employer under section 9(a), he could not be held bound to pay contributions solely by reason of the fact that his vendor was such employer; and that section 9(b) is unconstitutional.

Judgment having been rendered in favor of plaintiff, defendant has appealed, his contentions before this court being the same. He argues in his brief that the assessments levied under the act are taxes, and the statute a taxing act which must be strictly construed against the taxing power; that the tax deprives appellant of property without due process of law; that it violates article XIII, section 1, of the California Constitution which requires taxation to be in proportion to value, and that it violates the rule that taxes must be uniform and equal.

That the taxes assessed upon an employer under this and similar acts is not a direct tax on property, but is an excise tax, or a tax on the right to do certain things, is stated in *Gillum* v. *Johnson,* 7 Cal.2d 744, 763 [62 P.2d 1037, 63 P.2d 810, 108 A.L.R. 595]. (Also see *Charles C. Steward Machine Co.* v. *Davis,* 301 U.S. 548, 578 [57 S.Ct. 883, 81 L.Ed. 1279, 1286, 109 A.L.R. 1293].)

And that statutes such as our Unemployment Insurance Act are remedial statutes which must be liberally construed for the purpose of accomplishing their objects, is generally held not only by the courts of this state but elsewhere. (See *California Employment Commission* v. *Butte County Rice Growers Association,* 25 Cal.2d 624, 630 [154 P.2d 892]; *California Employment Commission* v. *Los Angeles Down Town Shopping News Corporation,* 24 Cal.2d 421, 427 [150 P.2d 186]; *California Employment Commission* v. *Black-Foxe Military Institute,* 43 Cal.App.2d Supp. 868 [110 P.2d 729]; *Godsol* v. *Unemployment Compensation Commission,* 302 Mich. 652 [5 N.W.2d 519, 524].)

The Unemployment Insurance Act of California was enacted, not as a revenue-raising measure, but as part of a national plan to assist in the stabilization of employment conditions and to ameliorate conditions of unemployment. This appears from the declaration of policy made in sections 1

and 2 of the act, and is stated in numerous court decisions. Similar statutes have been enacted in most of the states; and that such statutes are constitutional and do not violate the due process clause of the federal Constitution is held generally by the courts of this state, of the United States and of the several states. Illustrative cases in addition to California cases above cited are: *Carmichael* v. *Southern Coal & Coke Co.*, 301 U. S. 495 [57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327] (upholding the validity of the Alabama Unemployment Compensation Act); *Charles C. Steward Machine Co.* v. *Davis*, *supra* (holding that the Federal Social Security Act does not violate constitutional requirements of due process and uniformity); *Globe Grain & Milling Co.* v. *Industrial Commission*, 98 Utah 36 [91 P.2d 512] (holding that the Unemployment Compensation Law of Utah does not violate the due process clause of either the state or the federal Constitution); *Jeffreys-McElrath Mfg. Co.* v. *Huiet*, 196 Ga. 710 [27 S.E.2d 385, 150 A.L.R. 1200] (holding that the Georgia Unemployment Compensation Act does not violate the due process or equal protection clauses of the state or federal Constitutions, or the principle of uniformity of taxation); *Buckstaff Bath House Co.* v. *McKinley*, 198 Ark. 91 [127 S.W.2d 802] (upholding validity of Arkansas Unemployment Compensation Act, and holding the tax to be an excise and not a tax on property); *Godsol* v. *Unemployment Compensation Commission*, *supra* (holding the Michigan Unemployment Compensation Act does not violate the 14th Amendment); *Howes Brothers Co.* v. *Massachusetts Unemployment Compensation Commission*, 296 Mass. 275 [5 N.E.2d 720] (holding the Massachusetts Unemployment Compensation Act valid and the tax an excise and not a property tax); *W. H. H. Chamberlin, Inc.* v. *Andrews*, 271 N.Y. 1 [2 N.E.2d 22, 106 A.L.R. 1519] (holding the New York Unemployment Insurance Act constitutional); *Pickelsimer* v. *Pratt*, 198 S.C. 225 [17 S.E.2d 524] (holding the South Carolina Unemployment Compensation Act not violative of the due process and equal protection clauses of state and federal Constitutions, and that, as tax levied thereunder is not a property tax but an excise tax, the constitutional requirement of uniformity of taxation of property does not apply); *Tatum* v. *Wheeless*, 180 Miss. 800 [178 So. 95] (holding Mississippi Unemployment Compensation Law valid).

While the foregoing cases do not deal directly with pro-

visions of the various acts similar to section 9(b) of the California act, the validity of such a provision was directly before the Supreme Court of Tennessee in *Southern Photo & Blue Print Co.* v. *Gore,* 173 Tenn. 69 [114 S.W.2d 796], and held to be valid. There plaintiff company had acquired the assets and good will of a corporation which was an employer within the provisions of the Tennessee Act; and it was held that the change of ownership of the business did not change its status as an employing unit. The court said, page 800 [114 S.W.2d]:

"It is argued that the exaction of contributions of complainants is, in its nature, a tax on the transfer of property. We think this argument is based on a misconception of the intent and purpose of what is termed the successor in interest clause, section 19(f) of the act. Complainants acquired not only the assets of their respective predecessors, but also the good will of their respective businesses. The ownership of the businesses was simply shifted from the former owners to complainants. They were charged with the knowledge that under the act their respective predecessors occupied the status of 'employers' and that they, by virtue of such acquisitions, would succeed to such status. If complainants contemplated the carrying on of the respective businesses with less than eight employees there was nothing to prevent them from demanding that they be indemnified against the contributions for the year 1937, which they were charged with knowing would be required of them under the terms of the act.

"In our opinion section 19(f) of the act is valid and complainants were liable for the contributions exacted of them."

Arguendo see *Godsol* v. *Unemployment Compensation Commission, supra,* where a section of the Michigan Unemployment Compensation Act defining an "employing unit" (comparable to section 8.5 of the California act) was held valid and not violative of the 14th Amendment. Also see similar cases cited in 142 A.L.R. 919, et seq.

While the decisions of other states are not conclusive upon the courts of this state, we agree with the decision in *Southern Photo & Blue Print Co.* v. *Gore, supra,* and therefore hold that no constitutional right of appellant is impaired by requiring him to pay the tax imposed by the act upon the wages which he paid to his own employees after he acquired the barber shop on August 1, 1940, in conformity with the provisions of section 9(b), *supra,* even though he did not become an "employer" within the terms of section 9(a).

Though he asserts in his brief that he is being compelled to pay a tax upon property owned by his vendor, Cralle, and assessed prior to ownership by appellant, such is not the case. He is being assessed only upon the basis of wages paid by him to his own employees after the ownership of Cralle had entirely terminated. The only thing that carried over was the status of the vendor as an employing unit. When appellant acquired the shop he was charged with knowledge that at least for the remainder of the calendar year he would have to make his contributions under the act; and under section 9.7, *supra,* he could have terminated his liability thereafter by compliance with its provisions.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.