SIDNEY HARRIS ET AL. *v.* JOHN J. EGAN, ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 8—decided July 21, 1948

*Charles Albom,* with whom, on the brief, was *Nelson Harris,* for the appellants (plaintiffs).

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellee (defendant).

*James F. Rosen,* as amicus curiae.

ELLS, J. The defendant administrator decided that the plaintiffs, although not previously subject to the Unemployment Compensation Act, became subject to it because they acquired substantially all of the assets, organization, trade or business of another employer who at the time of such acquisition was subject to the act. The plaintiffs appealed to the Superior Court under the provisions of § 1345e(f) of the 1939 Cumulative Supplement to the General Statutes (amended, Sup. 1947, § 1403i); the court sustained the administrator and the plaintiffs have appealed.

The facts are not in dispute. In January, 1946, the plaintiffs opened a feed and grain business in a warehouse in Wallingford. They were not subject to the Unemployment Compensation Act. Raymond Delaney was engaged in a similar business under the name of "Delaneys" and was subject to the act. On April 22, 1946, the plaintiffs agreed with Delaney to buy the land and buildings where he operated his business, all the machinery and equipment located therein, all his automotive equipment, his saleable merchandise on hand on May 5, the day prior to the date set for the consummation of the sale, and the good will of the business. The sale was completed on May 6, and the plaintiffs paid $27,800, of which $27,000 was for the real estate and $800 for the merchandise. Delaney retained only his accounts receivable and his accounts payable, each item amounting to about $15,000, his business records and minor items of office equipment. The plaintiffs moved their own merchandise, of the value of about $10,000, into the property acquired from Delaney and have conducted business there since the date of the sale. Delaney removed his business

records and office equipment and thereafter did not engage in business except for a period of about five months, during which he made sales from railroad cars. The name "Delaneys" was discontinued. The plaintiffs employed one former employee of Delaney for about a week in order that they might learn to operate a machine which was included in the sale.

The single issue is whether the plaintiffs became subject to assessment under § 710f of the 1941 Supplement to the General Statutes. The pertinent portion is as follows: "Every employer who was subject to this chapter immediately prior to July 1, 1941, shall continue to be so subject. An employer not previously subject to this chapter shall become subject to this chapter as follows: . . . (2) an employer who acquires substantially all of the assets, organization, trade or business of another employer who at the time of such acquisition was subject to this chapter shall immediately become subject to this chapter." The basis of the plaintiffs' appeal is the claim that § 710f is not applicable in this case. They contend (1) that it was not designed to apply to a transfer when the transferee does not assume the employer relationship to the employees of the old business but simply purchases tangible assets; and (2) that in any event there was no transfer of substantially all of the assets within the provisions of the statute.

Our Unemployment Compensation Act was first enacted at a special session of the General Assembly in 1936; it appears in the 1937 Supplement as chapter 280a. The particular provision before us was added as an amendment in 1939, § 1335e, as the result of a proposal made (p. 90) in Report of Department of Labor and Factory Inspection, 1936-1938. The stated reason was that an employer under the law as it then stood did not become liable to make contributions to

the fund until the expiration of twenty weeks and consequently he could free himself from liability for that period by a reorganization of his business; and to avoid this it was recommended that the act be amended by inserting "a 'successor-in-interest' provision whereby an employer taking over the assets of an employer subject to the law shall become automatically subject."

The use of the word "or" in § 710f(2) is of much significance; the successor employer becomes liable if he takes over substantially all of the assets or substantially all of the organization or substantially all of the trade or business. The language is quite like but somewhat broader, as regards the various specifications other than assets, than the acts of some other states. Those acts impose liability where an employer acquires "the organization, trade or business, or substantially all the assets" of another employer. *Bucklin Coal Mining Co.* v. *Unemployment Compensation Commissioner,* (Mo.) 53 F. Sup. 484, 485, note; *Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.,* 312 Mass. 261, 263, 44 N. E. 2d 683; *California Employment Stabilization Commission* v. *Lewis,* 68 Cal. App. 2d 552, 553, 157 P. 2d 38; *Teets* v. *Rapalje,* 112 Colo. 325, 329, 148 P. 2d 815; *Southern Photo & Blue Print Co.* v. *Gore,* 173 Tenn. 69, 77, 114 S. W. 2d 796; see note, 158 A. L. R. 1241, 1247. These acts serve to make clear that "or" in our act was intentionally used with its alternative significance and not, carelessly, as conjunctive.

Evidently the General Assembly intended broadly to protect the employees against loss of compensation for the twenty-week, now thirteen-week, period where the same business was substantially continued, though under another form. We must keep in mind this underlying legislative purpose and construe the act liberally

as regards employees. *Reger* v. *Administrator,* 132 Conn. 647, 650, 46 A. 2d 844.

Section 710f specifies the employers who must make contributions and when their liability shall commence. In its application to this case, under the provisions of subsection (4) an employer ordinarily does not become liable to pay contributions until the end of thirteen weeks after he starts to employ four or more persons; but under subsection (2) he becomes immediately liable if he acquires substantially all of the assets, organization, trade or business of another employer who was liable at the time of such acquisition. The subsection does not provide that an employer not previously subject to the act who acquires the employees of a liable employer shall become liable. In this case the test was: Did the plaintiffs acquire substantially all of the assets or business of Delaney? If they did, they immediately stepped into Delaney's shoes so far as liability for contributions is concerned. The theory obviously is that the business is to be treated as a single continuing employment. "It is apparent from the plan embodied in the act . . . that its primary object is to relieve against the distress of unemployment and that the imposition of the tax upon employers is incidental." *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 220, 21 A. 2d 383. The fact that the plaintiffs took over but one of Delaney's employees and kept him for only one week is of little moment.

Delaney sold to the plaintiffs the land and buildings where he operated his business, all the machinery and equipment located therein, all his automotive equipment, all his merchandise and stock in trade, and the good will of the business. The plaintiffs moved in, added their own merchandise and continued the same

business though under another form. Upon its face, this seemingly complete acquisition of Delaney's business by the plaintiffs appears to bring them within the provisions of the statute and to make them a liable employer. The only substantial question is whether Delaney's retention of his accounts receivable and payable makes the statute inapplicable. The act says "substantially all." We have said that "the word 'substantially' . . . is a term of some elasticity: . . . its significance is relative, necessarily relating to the purpose" of the provision in which it is used. *Loglisci* v. *Liquor Control Commission*, 123 Conn. 31, 37, 192 A. 260; see also *In re Temtor Corn & Fruit Products Co.*, 299 F. 326, 331. It does not indicate a definite, fixed amount of percentage but is an elastic term which must be construed according to the facts of the particular case. *United States* v. *Whyel*, 19 F. 2d 260, 262. In applying the statute, a prime question in determining whether substantially all of the assets, the organization or the trade or business was taken over is: Did the acquisition result in a substantial continuation of the same or a like business?

Whether the plaintiffs did take over substantially all of the assets or business of Delaney was a question of fact to be determined primarily by the defendant administrator. See *Chinigo* v. *Ehrenberg*, 112 Conn. 381, 384, 152 A. 305; *United States* v. *Whyel*, supra. The question for the trial court was whether his conclusion was illegal or unreasonable.

It must be conceded that from an accounting viewpoint the accounts receivable and the accounts payable constituted a part of Delaney's assets. However, they were of no particular value to the buyers in the continuation of the business. As we have pointed out, the act cannot be restricted to assets, and the test is: Did

the plaintiffs acquire substantially all of the assets or business of Delaney? Upon the facts of the case, the administrator could decide that they did, and the trial court was not in error in dismissing the appeal.

There is no error.

In this opinion the other judges concurred.