**STATE et al. v. LEWIS.**

No. 9768.

Court of Civil Appeals of Texas. Austin.

Feb. 23, 1949.

Rehearing Denied March 16, 1949.

516

Price Daniel, Atty. Gen. of Texas, Robert O. Koch, Charles P. Atkinson and Durward M. Goolsby, Asst. Attys. Gen., and Lee Williams and C. H. Messer, both of Austin, for Texas Employment Commission, for appellant.

Marshall & King and B. W. King, all of Graham, for appellee.

RAYMOND GRAY, Justice.

This is a suit to recover unemployment compensation taxes, penalties and interest under the Texas Unemployment Compensation Act, Article 5221b—1 et seq., Vernon's Ann.Civ.St. The suit is against William Bradley Lewis, doing business as Bill's Lunch, in Olney, Texas, and is for taxes for the year 1946, the first three quarters of 1947, and penalties and interest.

The cause was submitted to the court upon an agreed stipulation, the material portions of which are:

On November 30, 1946, appellee (William Bradley Lewis) contracted to purchase Gus' Cafe in Olney, Texas; at the end of the working day on December 1, 1946, Gus Kuehn, the owner of Gus' Cafe, closed his buiness, and on December 2, 1946, appellee paid Kuehn $5,000 for the fixtures and equipment used in the cafe and about $248 additional for the stock of merchandise. The only equipment not sold was a radio valued at $49.50 and one heater valued at $5.

Appellee remodeled the inside of the building housing Gus' Cafe, installed new furniture and fixtures and used only one counter and two refrigerators that had been acquired from Kuehn. On December 9, 1946, appellee opened the cafe under the name of Bill's Lunch, and had new menues and new employees.

Gus Kuehn, owner and operator of Gus's Cafe, was an "employer" and as such was subject to the Texas Unemployment Compensation Act during the year 1946, and the total wages paid in 1946 and 1947 are correctly stated in plaintiffs' exhibit.

No effort has been made to operate the cafe under the same name used by Gus Kuehn or use his good will, nor was there any agreement on the part of Gus Kuehn not to purchase another or like business in the City of Olney.

The trial court denied recovery to appellants.

Appellants contend that appellee having acquired from Gus Kuhen "substantially all of the assets" of Gus' Cafe, he is an employer within the meaning of the Act and as such is liable for the taxes, penalties and interest sued for.

The Act, Article 5221b—17(f) (2), defines "employer" as: "Any individual or employing unit which acquired the organization, trade, or business, or substantially all of the assets thereof, of another which at the time of such acquisition was an employer subject to this Act".

We think, from the record before us, the only logical conclusion to be reached is that appellee acquired substantially all of the assets of the organization, trade or business originally known as Gus' Cafe and is an "employer" within the meaning of the above quoted section of the Act.

Appellee argues to the effect that it is necessary that all of the provisions of the above section of the Act must be found to exist before a purchaser is an employer within its meaning. It seems clear to us that in separating the provisions of the section with the word "or", such word was used by the Legislature in the disjunctive and therefore the provisions of the section are to be taken separately. 50 Am.Jur., p. 267, Sec. 281; 3 C.J.S., And, p. 1068.

Gus Kuhen being an employer subject to the Act continued to be such employer until his status as such was terminated in accordance with the provisions of Section 6(c): "An employing unit shall cease to be an employer subject to this Act only as of the 1st day of January of any calendar year, if it files with the Commission, on or before the 31st day of March of such year, a writ-

ten application for termination of coverage, and the Commission finds that there were no twenty (20) different days, each day being in a different week within the preceding calendar year, within which such employing unit employed eight (8) or more individuals in employment subject to this Act. * * *"

There is no contention that any application has been filed as provided for in this section. The method here prescribed for termination of liability of an employer subject to the Act is exclusive. Harris v. State, Tex.Civ.App., 159 S.W.2d 172. The purpose of this section is to aid the Commission in administering the Act, and it imposes a penalty on an employer who, according to the records of the Commission, is subject to the tax, if he fails to terminate his liability in accordance with the provisions of said Section. Witherspoon Oil Co. v. State, Tex.Civ.App., 156 S.W.2d 579, Error Ref.W.M. The term "employing unit" as defined in Section 17 (e) is inclusive of individuals.

Section 5(a) provides: "On and after January 1, 1936, contributions shall accrue and become payable by each employer for each calendar year, or portion thereof, in which he is subject to this Act, with respect to wages payable for employment occurring during such calendar year; provided, however, that on and after July 1, 1943, contributions shall accrue and become payable by each employer for each calendar year, or portion thereof, in which he is subject to this Act, with respect to wages paid for employment occurring on or after July 1, 1943, and during such calendar year, or portion thereof. * * *"

And Section 6(a) provides: "Any employing unit which is or becomes an employer subject to this Act within any calendar year shall be subject to this Act during the whole of such calendar year."

The status of Gus Kuehn being established as a subject employer for the year 1946, the purchase by appellee from him in the year 1946, constitutes appellee a subject employer for that year. Sections 5(a) and 6(a), supra, and for the same reason his status as a subject employer continued for the year 1947, he having failed to terminate

his liability in accordance with the provisions of the Act.

At the time of the purchase by appellee, he was charged with notice of the provisions of the Act making him, as such purchaser, liable for taxes. If he wished to escape liability for the payment of such taxes, there was no reason why he should not have required satisfactory indemnity from Kuehn to protect him. Southern Photo & Blue Print Co. v. Gore, 173 Tenn. 69, 114 S.W.2d 796.

We are convinced the status of appellee as an employer subject to the Act and, also, his liability for payment of the taxes are established and that the trial court erred in not so holding. We therefore reverse the judgment of the trial court and render judgment for appellants for the taxes, penalties and interest sued for.

Reversed and rendered.