Hillsborough,
Nov. 1, 1949. } No. 3831.

AUCLAIR TRANSPORTATION, INC.

*v.*

WILLIAM RILEY, *Commissioner of Labor.*

*McLane, Davis, Carleton & Graf* and *Stanley M. Brown* (*Mr. Brown* orally), for the plaintiff.

*F. Maurice LaForce* (by brief and orally), for the defendant.

KENISON, J. The issue in this case is whether the plaintiff is entitled to the low merit rating of W. M. Auclair upon the transfer described in the agreed facts. The unemployment compensation statute provides that the experience rating of an employer may be transferred to "an employing unit which acquires the organization, trade or business, or substantially all of the assets thereof." R. L., c. 218 *s.* 6-F as inserted by Laws 1945, *c.* 138, *s.* 16.

We are not concerned with the logical and economic considerations for and against experience rating or merit rating as it is usually described in this state (55 Yale L. J. 218, 242) since it is an integral part of the statute. Following the decisions in *Lund Company* v. *Rolfe,* 93 N. H. 280 and *Sulloway* v. *Rolfe,* 94 N. H. 85, the quoted statute also made the transfer of merit rating for unemployment compensation contributions to successor employing units (Note 60 Harv. L. Rev. 276) an integral part of the law. For the same reasons we do not accept defendant's argument for a strict construction of the statute because of the asserted effect a liberal construction would have on the alleged solvency of the unemployment compensation fund. The statute is to be construed as written having in mind its evident purpose whether the end result is considered by some to be economically good or bad.

Assuming, without deciding, that the rental tenement property valued at approximately $122,000 is an investment and not a business (Cf. *Bennett* v. *Hebbard,* 74 N. H. 411, 412), there is the further question of whether the retention of the gasoline station valued at

approximately $4,200 prevents the transfer from being one of "substantially all the assets thereof" under R. L., *c*. 218, *s*. 6-F. The word "substantially" is necessarily an elastic term which does not indicate a definite, fixed amount of percentage. At one extreme it may be said that the transfer does not have to be 100%. At the other extreme it may be said that the transfer cannot be less than 90% in the ordinary situation. (See application of *Hinzmann & Waldmann*, 85 N. Y. S, 2d, 149; *Schuh Trading Co.* v. *Commissioner*, 95 F. 2d, 404) although a lesser amount has been considered sufficient under a statute which is broader than ours. *Harris* v. *Egan*, 135 Conn. 102; anno. 4 A. L. R. (2d) 721. The relation between the value of the trucking business transferred and the value of the gasoline station retained is not so small from either an accounting or practical viewpoint that we can say as a matter of law that substantially all the assets of the business of W. M. Auclair were acquired by the plaintiff. The determination by the defendant that they were not is one that could be made upon the facts in this case. Unless the defendant deems an adjustment by compromise "to be for the best interests of the state" (R. L., *c*. 218, *s*. 11 E) because of facts not in this record, the determination stands affirmed.

Other arguments in behalf of the plaintiff that the statute should be construed to allow the transfer of merit rating are foreclosed by the decision in *Seavey Hardware Co.* v. *Riley*, 95 N. H. 502.

*Case discharged.*

All concurred.