[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7178
The plaintiff Bank of South Windsor files this appeal from the decision of the State of Connecticut Employment Appeals Division, Board of Review.
 "The Superior Court does not try the matter de novo; it is not its function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the board. Rather it is the function of the Court to determine, on the record, whether there is a logical and rational basis for the decision of the board or whether, in the light of the evidence, the board has acted illegally or in abuse of its discretion."
Johnson v. Administrator, 3 Conn. App. 264, 267, 268 (1985).
This appeal is the last in sequence of a four-step process which brings this matter before the court. The initial determination is made by the Administrator of the Unemployment Compensation Act. An appeal therefrom is taken to the Employment Security Division, which determination is made by an Appeals Referee. The next step is an appeal to the Employment Security Board of Review. Thereafter any party may appeal to the Superior Court (General Statutes § 31-249b.) The Bank of South Windsor appeals to this Court. The appeal to this Court is on the record, as certified to the Court by the Board.
The procedural facts found by the Board are as follows: On December 13, 1991 the Superior Court ordered the appointment of the Federal Deposit Insurance Corporation (FDIC) as receiver of the Bank of East Hartford. The court order dated December 13, 1991, Schaller, J., ordered that "3. The Federal Deposit Insurance Corporation shall proceed immediately to wind up the affairs of the Bank of East Hartford in accordance with Chapter 639 of the Connecticut General Statutes and 12 U.S.C. § 1821
and may exercise any and all powers granted to receivers of banks by the applicable provisions of state or federal law."
That same day, December 13, 1991 the Federal Deposit Insurance Corporation, Receiver of the Bank of East Hartford, and the Federal Deposit Insurance Corporation, and the plaintiff Bank of South Windsor entered into an agreement, approximately sixty pages in length, transferring assets and liabilities to the Bank CT Page 7179 of South Windsor. The agreement describes in detail what assets and what liabilities are, and are not to be transferred to the Bank of South Windsor, and describes in detail the rights and responsibilities of the respective parties.
The Board of Reviews, in its memorandum of decision filed April 8, 1993 determined that "We conclude that the Bank of South Windsor has not been shown to have acquired the majority of Bank of East Hartford's assets or loan portfolio and thus it did not acquire substantially all of Bank of East Hartford's assets." This determination was based upon a factual determination that the Bank of South Windsor acquired 47% of the Bank of East Hartford's assets, which includes 34% of the Bank of East Hartford's loan portfolio.
The Board further determined that "We thus conclude that Bank of South Windsor did not acquire substantially all of Bank of East Hartford's organization." The basis for this finding is that "the organization is the management component of the business, the component responsible for directing and administering the operation. See Spongex v. Administrator, Board Case No. 698-87-BR (12/22/87)." The Board found that "In the case at hand, Bank of South Windsor hired two former Bank of East Hartford branch managers, but retained no senior management personnel or officers formerly employed by Bank of East Hartford." The Board, in its decision, did not feel it necessary to either comment on or address the finding of fact of the Appeals Referee, dated March 18, 1993, that "most of the former non-officer employees of the former Bank of East Hartford were hired by the Bank of South Windsor," as the Appeals Referee had similarly concluded that "Although line employees were hired, it cannot be said that Bank of South Windsor acquired the organization of the Bank of East Hartford."
The Board of Review concluded, after a recitation of facts, that "We thus find that Bank of South Windsor acquired substantially all of the Bank of East Hartford's trade or business." This conclusion is one of the two major areas of appeal. The basis of the conclusion will be hereafter discussed in detail.
The other major area of appeal is that the acquisition of whatever was acquired was acquired from the Federal Deposit Insurance Corporation, and not from the Bank of East Hartford. CT Page 7180
 I
The issues presented by the appeal involve the application of two statutes. The statutes must be read together to understand their relative significance.
The statute which is directly in point is General Statutes § 31-225a(i)(2). This statute provides, in part, as follows:
 (2) The executors, administrators, successors or assigns of any former employer shall acquire the experience rating records of the predecessor employer with the following exception: The experience of a predecessor employer, who leased premises and equipment from a third party and who has not transferred any assets to the successor, shall not be transferred if there is no common controlling interest in the predecessor and successor entities.
Thereafter there occurs a blending of the experience rating of the predecessor's experience rating with the experience rating of the successor. The Administrator determines by regulations the mathematics of the blending. The mathematics of the blending formula is not a subject of this appeal.
The other statute which is relevant to this appeal is General Statutes § 31-223a which provides as follows:
 Every employer who was subject to this chapter immediately prior to January 1, 1980, shall continue to be so subject. An employer not previously subject to this chapter shall become subject to this chapter as follows: . . . (2) an employer who acquires substantially all of the assets, organization, trade or business of another employer who at the time of such acquisition was subject to this chapter shall immediately become subject to this chapter as a successor employer . . . .
CT Page 7181
Although General Statutes § 31-223a by its terms applies to "An employer not previously subject to this chapter shall become subject to this chapter as follows:" The plaintiff argues that since the plaintiff was previously subject to this chapter the definition of successor employer as so defined in General Statutes § 31-223a does not apply to the blending requirement of General Statutes § 31-225a(i)(2). This argument fails for two reasons. First, because it was not raised at the administrative level. See Burnham v. Administrator, 184 Conn. 317,322 to 324 (1981). Second, as General Statutes §31-225a(1)(2) does not contain its own definition of the term "successor", and Chapter 567, Unemployment Compensation being a comprehensive statutory scheme, the statutes must be read in conjunction with each other. Hence, there is no logical or statutory requirement that the two statutory sections each have a separate and distinct definition to define the exact same status. The court interprets the provisions of General Statutes §31-225a concerning "successor" to incorporate the same meaning as given and articulated in General Statutes § 31-223.
 II
The appeal may be separated into two distinct issues. The first of such issues is the plaintiff's contention that because the assets and liabilities were acquired from the Federal Deposit Insurance Corporation, and not from the Bank of East Hartford, the plaintiff could not be considered to be a successor employer.
Reason for Appeal F alleges that because the State of Connecticut has chosen to utilize the FDIC as a receiver that there occurs preemption such that the statutes in question cannot be utilized to effectuate the purposes sought by the Administrator. The essence of this claim is that the statutes interfere with the ability of the FDIC to perform its functions. This Court can discern no such impediment, either in the acquisition of a favorable or an unfavorable tax benefit. Matters such as this, which are strictly financial, are capable of the same bargaining process in the plaintiff's negotiations with the FDIC as are all other financial matters, which adjustments on other matters were in fact accomplished in this particular acquisition. Failure of the plaintiff to make proper inquiry of the defendant on this subject would not excuse the plaintiff from being subject to the operation of these statutes.
Reason for Appeal E. This reason for appeal takes the CT Page 7182 position that since the acquisition was for the FDIC the concept of successor employer cannot be applicable to the instant case. This position is similar to the position taken in Assignment C — to wit that the acquisition was from the FDIC, not the Bank of East Hartford. Hence, it is argued that since the FDIC is not subject to the Act, as an employer, the plaintiff could not, as a matter of law, be a successor employer.
The plaintiff's argument is self-defeating. The Federal Deposit Insurance Corporation is not a bank. It is an insurer, with rights and obligations given to it by Congress to do whatever is necessary to accomplish those purposes.
As aforesaid, and as articulated in the decision of the Board, the mandate of the Superior Court was to "immediately wind up the affairs of the Bank of East Hartford."
Furthermore, the duties of the receiver of a bank, under General Statutes § 36-36 (e), though it may contemplate in certain circumstances the management of a banking facility, does not contemplate a continuing type of relationship whereby the receiver is to be a continuing bank. The duty of the receiver in the instant case, as ordered by the court, was to immediately wind up the affairs of the Bank of East Hartford.
The Board properly determined that the FDIC was not subject to the Administrator's contractor as an employer bank. "The administrator has not directed, controlled, supervised or taxed the FDIC or the Commissioner of Banking."
The contention of the plaintiff that the FDIC, not the Bank of East Hartford, was the predecessor employer is without merit. Whether the FDIC is to be categorized as an intermediary, a liquidator, a receiver, or a winding up instrumentality is of no import. The conclusion of the Board that the FDIC is not a predecessor employer is fully supported by the record, and is a legally correct conclusion.
 III
The Appellant Bank of South Windsor further contends that the Board was in error in concluding that the Bank of South Windsor acquired substantially all of the trade or business of the Bank of East Hartford. CT Page 7183
General Statutes § 31-223 (a) defines, for the purposes of the subject statute, a successor employer as an employer who acquires substantially all of the assets, organization, trade or business of another employer.
The decision of the Board of Review determined that the Bank of South Windsor has not been shown to have acquired the majority of the Bank of East Hartford's assets or loan portfolio and thus it did not acquire substantially all of Bank of East Hartford'sassets. This is based upon the Board's finding that the transfer included 47% of the assets, including 37% of the loan portfolio. This is supported by the record and is, of course, not challenged by the appellant.
The decision of the Board of Review determined that the Bank of South Windsor did not acquire substantially all of Bank of East Hartford's organization. This is based on a finding that the Bank of South Windsor "retained no senior management personnel or officers formerly employed by the Bank of South Windsor. The Board applied its own criteria, as articulated by Spondex v.Administrator, Board Case No. 698-87-BR (December 22, 1987). This is supported by the record and, of course, is not challenged by the appellant.
The issue in contention thence focuses upon the question of whether the Board was in error in determining that the Bank of South Windsor acquired substantially all of the Bank of East Hartford's trade or business.
 "These acts serve to make clear that "or" in our act was intentionally used with its alternative significance and not, carelessly, as conjunctive."
Harris v. Egan, 135 Conn. 102, 105 (1998).
Stated otherwise, if the successor meets either of the three criteria, "assets", or "organization", or "trade or business" the accepting organization would be a "successor employer."
The Board based its conclusion that the Bank of South Windsor acquired substantially all of the Bank of East Hartford's trade in business upon a number of factors:
Bank of South Windsor agreed to accept the deposit accounts CT Page 7184 held by Bank of East Hartford depositors with the exception that a substantial number of depositors would ratify their accounts and continue their banking with Bank of South Windsor.
Bank of South Windsor issued notices to the depositors urging them to continue their banking with Bank of South Windsor.
Bank of South Windsor acquired a substantial proportion of Bank of East Hartford's business investments.
Bank of South Windsor acquired a total of forty-seven percent of Bank of East Hartford's tangible assets. In addition, the FDIC gave Bank of South Windsor cash from FDIC insurance fund to balance off Bank of East Hartford's deposit liability.
Bank of South Windsor acquired nearly half of Bank of East Hartford's assets.
Bank of South Windsor purchased over a third of Bank of East Hartford's outstanding loans.
Bank of South Windsor agreed to service all of the failed bank's loans for a period of ninety days after the bank closing.
Bank of South Windsor continued to service all of Bank of East Hartford's deposit accounts and a significant portion of the loan business.
Bank of South Windsor acquired Bank of East Hartford's good will and the banking business continued without substantial interruption.
The bank doors remained open due to the quick action of the FDIC and the public retained confidence in the banking system, as evidenced by the holders of fifty-five percent of the deposits remaining with Bank of South Windsor.
The transfer took place on the same day and at essentially the same time as the transfer to the FDIC.
Bank of South Windsor acquired the business premises, eventually obtaining a lease for approximately one-third of the space. "In applying the statute, a prime question in determining CT Page 7185 whether substantially all of the assets, the organization or the trade or business was taken is: Did the acquisition result in a substantial continuation of the same or a like business?"
Harris v. Egan, supra, P. 107.
The question for the trial court is whether the Board's conclusion was illegal or unreasonable.
Harris v. Egan, supra, P. 107.
This Court concludes that the conclusion of the Board was both legal and reasonable, is supported by the record, and is consistent with the proper exercise of discretion. Consequently the appeal is herein dismissed.
L. Paul Sullivan, J.