## In re JAMES MACFARLANE & CO.

(District Court, W. D. Washington, N. D. September 21, 1926.)

### No. 7427.

1. Bankruptcy ⊕=140(3)—Status of claimants of securities, pledged by bankrupt, a broker, determined.

Securities of customers of bankrupt, a broker, which, at the time its property came into legal custody, were in pledge to a bank to secure its own indebtedness either with the consent of the owners or with their knowledge, whether sold afterward to pay the indebtedness or remaining unsold in possession of the bank, stand on the same footing and should contribute ratably to the loss.

2. Bankruptcy ⊕=474—Costs and expenses of hearing to determine rights of the several claimants in a special fund, except fees of special master and counsel, held chargeable to the fund.

Costs and expenses of a hearing to determine rights of the several claimants in a fund produced by securities owned by claimants, but pledged by bankrupt, a broker, *held* chargeable to the special fund except fees of the special master and counsel, which were charged to the general estate.

In Bankruptcy. In the matter of James Macfarlane & Co., bankrupts. On exceptions to report of special master. Sustained in part, and matter referred back to referee.

The bankrupt was conducting a brokerage business. A receiver was appointed in the state court; thereafter bankruptcy proceedings were instituted and a decree of adjudication entered. In the brokerage business a number of persons bought on margins, and others bought for cash; some pledged stocks to secure margins, with authority to repledge; others deposited securities, without authority to repledge, but with knowledge that such was the custom of the bankrupt. The bankrupt did business through Logan & Bryan, New York, with whom it pledged securities belonging to its customers. It likewise did business with the First National Bank, Seattle, with whom it deposited other securities for advances obtained.

Claimants filed claims, or petitions, asserting equities and praying preferential status in a fund obtained from the sale by the state court receiver of securities pledged to Logan & Bryan. Other creditors filed like claims and petitions, praying preferential status from funds remaining in the First National Bank of Seattle after the bank claim was satisfied. Other creditors claimed priority in moneys without identity of securities in which their funds were invested, and others demanded return of securities which had been disposed of by the bankrupt long prior to adjudication and never were in the possession of the trustee.

A special master was appointed to examine into the issues raised and claims asserted, and has made his report, classifying the creditors in two classes, A and B—class A, those who had securities pledged to Logan and Bryan by bankrupt to secure its indebtedness, which were sold on the order of the receiver; and those creditors that had no claims in such funds class B—and also defined the relation of creditors to the funds and securities in the possession of the First National Bank, and adjudicated the rights of the several creditors, recommending the distribution thereof, after paying the expense of the hearing, including the attorney's fees, special master's fees, and accountants' charges.

Exceptions have been filed to the report of the special master in his definitions of status, and also to the burden of expense placed upon that fund. Objection is made to the conclusion of the special master by some of the claimants, in not returning the securities which have been placed with and are now in the possession of the First National Bank. It is asserted that the securities traced are always returned.

Edwin G. Dobrin, of Seattle, Wash., for claimant Hack.

George E. Mathieu, of Seattle, Wash., for claimants Whitney, Nelson, Horrigan, and Sussman.

Farrell, Meier & Hess, of Seattle, Wash., for claimants Greening, Russell, and Huiskamp.

E. C. Demoss, of Seattle, Wash., for claimant Krupp.

Bullitt & Kahin, of Seattle, Wash., for claimant Logan Securities Co.

Geo. G. Hannan, of Seattle, Wash., for claimant Hall.

Daniel B. Trefethen, of Seattle, Wash., for claimant Patten.

Ned Roney, of Seattle, Wash., for claimant Fuller.

Earl G. Rice and James Walter Redden, both of Seattle, Wash., for trustee.

NETERER, District Judge (after stating the facts as above). [1] I think the master's report, in so far as it defined the status and allowed claims, should be affirmed. The legal status of the parties must be determined as of the time that the property came into legal custody, and from this status Greening, knowing of the custom to repledge securities, is rightfully placed in class A, as likewise Sussman, and all of the securities pledged by the bankrupt to the First National Bank should bear the same legal status, whether it was actually sold or not, and bear the pro rata burden with the securities sold.

[2] Without further discussing any of the claims, I think the findings and conclusions of the special master should be approved, with the exception that these special funds should not be impressed with a lien for the expense of the special master's fees and compensation to the attorneys. In re Wilson (D. C.) 252 F. 631, at page 656; In re Toole (D. C.) 294 F. 975. In view of the condition of the estate and the claims which have been filed, I think it would be inequitable to charge the common fund with the expense of disclosing the status of these special claims. The claimants should have so presented the history and facts as to advise the trustee and special master as to the rights asserted; not having done so, it was necessary to engage an accountant for such purpose. This expense, I think, should be borne by these claimants, and should be made a charge against these special funds in proportion as the funds may bear to the expense. The attorney's fees and the special master's fees should be paid from the common fund.

While suggestions have been made to the court in the argument on these exceptions and review, I do not think at this time the court should give expression as to attorney's fees to be allowed, other than to say that the Bankruptcy Act (Comp. St. §§ 9585–9656) specifically provides that only one attorney's fee can be allowed, irrespective of the number of attorneys employed. As to the special master's fees, I think $1,500 will amply compensate him for the services rendered. While the testimony is voluminous, and has taken much time, and while this amount is much less than has been suggested by counsel, I think this amount is ample.

The matter is referred back to the referee to carry out the conclusions here announced and to fix the fees of the accountant and expenses of the administration of the estate in the manner provided by law.