COMMISSIONER OF INSURANCE *vs.* BROAD STREET MUTUAL CASUALTY INSURANCE COMPANY.

Suffolk. January 8, 1941. — October 28, 1942.

Present: FIELD, C.J., DONAHUE, LUMMUS, & COX, JJ.

*Unemployment Compensation. Receiver. Personal Property*, Ownership. *Words*, "Acquire."

A receiver of an insurance company was not so far identical with the company as to become subject to the unemployment compensation act merely because the company had been subject to it; nor was he

one who had "acquired the organization, trade or business, or substantially all the assets thereof, of" the company within § 1A (4) of G. L. c. 151A, as appearing in St. 1937, c. 421, § 1, so as thereby to become subjected to the act.

The word "acquired" in § 1A (4) of G. L. c. 151A, as appearing in St. 1937, c. 421, § 1, imports ownership, and is not satisfied by the mere custody or control which a receiver has.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on December 28, 1938, for the appointment of a receiver.

The petition described in the opinion was heard by *Ronan,* J.

*J. J. Leonard,* Special Assistant Attorney General, for the director of the division of unemployment compensation.

*M. K. Greenberg,* for the receiver.

LUMMUS, J.    The unemployment compensation commission, the predecessor of the present petitioner the director of the division of unemployment compensation (St. 1935, c. 479, § 4; St. 1939, c. 20, § 1), brought this petition on September 22, 1939, for an order directing the receiver of Broad Street Mutual Casualty Insurance Company, appointed on December 28, 1938, to contribute to the Commonwealth under the unemployment compensation act the sum of $126.55 on account of wages paid to his employees during the first quarter of the year 1939.   The single justice, on October 6, 1939, found that "the receiver is not a person subject to the tax . . . because I do not find that the liquidation of the company by him is a continuation of the business formerly conducted by the company; because he has not acquired the legal assets of the company but has only the possession and custody of the same; and because he will not employ during the current year for a period of twenty weeks or more four or more employees in the administration of the receivership."    Accordingly, a final decree was entered dismissing the petition.    After an abortive attempt to bring the case here by report (*Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.* 306 Mass. 362), the full court granted leave to claim the appeal that brings the case here.    G. L. (Ter. Ed.) c. 214, § 28.

The receiver does not contend that the company was not one subject to the act. Section 1A of c. 151A inserted in the General Laws by St. 1937, c. 421, § 1, and amended by St. 1938, c. 469, §§ 3, 4. And the petitioner maintains that the receiver is the same employer as the company, and succeeds to its obligations. It is settled, however, in other connections that the company and its receiver are different entities. *Ellis* v. *Boston, Hartford & Erie Railroad,* 107 Mass. 1, 28. *Fort Payne Coal & Iron Co.* v. *Webster,* 163 Mass. 134, 137. *Bell* v. *American Protective League,* 163 Mass. 558, 562. *Harrison* v. *J. J. Warren Co.* 183 Mass. 123, 124. We think that the receiver cannot be deemed subject to the act merely because the company was subject to it.

The second question is whether the receiver is within the act because he "acquired the organization, trade or business, or substantially all the assets thereof, of another employer [the company] who at the time of such acquisition was an employer subject to this chapter . . . ." Section 1A (4) of c. 151A, inserted in the General Laws by St. 1937, c. 421, § 1. The word "acquire" imports ownership, and is not satisfied by the mere custody or control that a receiver has. *Helvering* v. *San Joaquin Fruit & Investment Co.* 297 U. S. 496, 499. *Wulzen* v. *Board of Supervisors,* 101 Cal. 15, 25. *In re Okahara,* 191 Cal. 353, 362. *Clarno* v. *Gamble-Robinson Co.* 190 Minn. 256, 259. *National Surety Co.* v. *McGreevy,* 64 Fed. (2d) 899, 901. Webster's New International Dictionary defines the word "acquire" as "to get as one's own." The Oxford New English Dictionary defines it as "To gain, obtain, or get as one's own, to gain the ownership of."

*Decree affirmed.*