RUSS DAWSON, INC., *v.* UNEMPLOYMENT
COMPENSATION COMMISSION.

1. UNEMPLOYMENT   COMPENSATION—SUCCESSOR   EMPLOYER—EXPE-
   RIENCE RECORDS.
   Compliance with the unemployment compensation .act's pro-
   visions as to when a successor employer is entitled to the
   transfer of the experience records of its predecessor is
   necessary in order to obtain right to such experience records
   (PA 1936 [Ex Sess], No 1, § 22, as amended by PA 1943,
   No 246).

2. SAME—SUCCESSOR EMPLOYER—EXPERIENCE RECORD—STATUTES.
   Successor employer, a corporation, which took over a business
   that had paid only 75% of the total wages paid by predeces-
   sor employer, a partnership, during the preceding year was
   not entitled to the transfer of the experience record of the
   partnership, where unemployment compensation act provided
   that the *successor employer would not be so entitled unless
   it acquired operating establishment paying 95% or more of
   the aggregate wages payable during such preceding year*
   (PA 1936 [Ex Sess], No 1, § 22, as amended by PA 1943, No
   246).

3. SAME—SUCCESSOR EMPLOYER—EXPERIENCE RECORD—IMPROPER EN-
   HANCEMENT OF VALUES.
   A trial court in making a determination involving values of a
   business may not place a value upon an asset so as to enhance
   assets sufficiently to comply with provisions of employ-
   ment compensation act relative to transfer of experience
   record of predecessor employer to successor employer, con-
   trary to the stipulated facts as contained in the record (PA
   1936 [Ex Sess], No 1, § 22, as amended by PA 1943, No
   246).

---

REFERENCES FOR POINTS IN HEADNOTES
[3, 4] Generally as to court proceedings as to unemployment insur-
   ance matters, see 48 Am Jur, Social Security, Unemployment
   Insurance and Retirement Funds § 45 *et seq.*
[5] 14 Am Jur, Costs § 91.

4. SAME—SUCCESSOR EMPLOYER—EXPERIENCE RECORD—VALUES—EVIDENCE—STATUTES.

Trial court's inclusion of value of automobile sales agency contract in determination as to whether corporation, as successor employer to partnership, was entitled to the transfer of the experience record of the predecessor, was error, where record is void as to the value of such contract and statutory standard for determining right to such experience record was not otherwise met (PA 1936 [Ex Sess], No 1, § 22, as amended by PA 1943, No 246).

5. COSTS—PUBLIC QUESTION—UNEMPLOYMENT COMPENSATION—EXPERIENCE RECORD.

No costs are allowed in proceeding involving determination as to whether successor employer was entitled to the transfer of predecessor employer's experience record under unemployment compensation act under circumstances presented, a public question being involved (PA 1936 [Ex Sess], No 1, § 22, as amended by PA 1943, No 246).

Appeal from Wayne; Toms (Robert M.), J. Submitted April 9, 1952. (Docket No. 23, Calendar No. 45,159.) Decided June 2, 1952. Rehearing denied September 3, 1952.

Certiorari by Russ Dawson, Inc., to review order of Appeal Board of Unemployment Compensation Commission denying plaintiff right to use experience record of partnership which it succeeded in part. Judgment for plaintiff. Defendant Commission appeals. Reversed.

*Griffin, Emery & Seely* (*Robert C. Boyer,* of counsel), for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *John J. Long,* Assistant Attorney General, for defendant.

SHARPE, J. Russ Dawson, a copartnership, composed of the members of the Russ Dawson family, operated an automobile sales and service agency con-

sisting of 2 places of business, one located at 16231 Woodward avenue, and the other at 4400 Cass avenue, both in the Detroit metropolitan area, but separated from each other by a distance of about 2 or 3 miles. This employer had been subject to the Michigan employment security act for a sufficient length of time to entitle it to an adjusted contribution rate for the year 1946.

On April 1, 1946, the Russ Dawson partnership sold, for $33,000, to a newly-formed partnership, which is not a party to these proceedings, all of its assets located at the Cass avenue branch, including the lessee's interest in an unexpired lease covering the premises at Cass avenue.

The sale of the Cass avenue branch included only the physical assets at that address plus the unexpired portion of a lease covering the premises there, but it did not cover good will, the name of Russ Dawson, or an assignment of the Ford Motor Company automobile agency franchise outstanding in the partnership name. These intangible assets were transferred to the corporation on May 1, 1946.

On May 1, 1946, the Russ Dawson partnership sold, for $210,000, to Russ Dawson, Inc., a newly-formed Michigan corporation, all of the remaining assets of the partnership which consisted of those assets in the Woodward avenue place of business. Included in this transaction was an assignment by the partnership to the corporation of the automobile agency franchise. The stockholders of the corporation were the same individuals who were members of the predecessor partnership.

The aggregate wages paid by the Russ Dawson partnership for the period from April 1, 1945, through March 31, 1946, at the Woodward avenue place of business represented approximately 75%, and at the Cass avenue place of business approx-

imately 25% of the total amount of wages paid during that period by the partnership.

In July, 1946, the Michigan unemployment compensation commission issued a determination combining the experience records of Russ Dawson, Inc., and the Russ Dawson partnership under the provisions of section 22 of the Michigan unemployment compensation act, PA 1936 (Ex Sess), No 1, as amended by PA 1943, No 246 (Stat Ann 1946 Cum Supp § 17.524 [62]). On October 3, 1946, the commission issued a redetermination declaring the previous determination void and held that the experience record of the corporation could not be combined with that of the predecessor partnership. On May 20, 1947, the commission issued a notice of assessment to Russ Dawson, Inc., for additional contributions on the basis of a rate of 3% as a result of the decision not to combine the experience record of the corporation and the predecessor partnership. The matter was appealed to the appeal board, which held that the experience records could not be combined. The matter was then taken for review by writ of certiorari to the circuit court of Wayne County. On October 13, 1950, the circuit court reversed the decision of the appeal board, and held that the experience records could be combined.

The trial court in an opinion stated:

"The present litigation arises out of the claim of that corporation to the benefit of the experience records of the former partnership and the consequent maintenance of the contribution level enjoyed by the partnership. The position of the commission is that the corporation must start its contributions at the maximum level of 3%, as if it were just starting in business. This involves a construction of section 22 of the statute. There is no question (and it is conceded) that the corporation is the successor, within the meaning of the act, of the partnership,

and that it has accepted responsibilty for any unpaid contributions of the partnership as of May 1, 1946.

"The immediate question involves an interpretation of subsection (c) of section 22, reading as follows:

" 'In the interpretation of this section, substantially all of the employing enterprises of a predecessor employer shall be deemed to be continued solely through a single employer as successor thereto if the commission finds that the successor has acquired business establishments or properties, or other trade or assets, the operation of which during the last 4 completed calendar quarters involved more than 95% of the aggregate wages payable for employment by the predecessor employer during such period.'    *    *    *

"The proper question to be determined is the percentage of wages arising from the operation of 'business establishments or properties, or other trade or assets,' wherever located. It is entirely conceivable that the operation of only 50% of the property or assets might involve 75% of the wages, and conversely, that the operation of 75% of the property or assets might involve only 50% of the wages. The fact in the instant case is, that the operation of the Ford agency franchise coupled, of course, with the physical properties necessary to implement it, involved all the wages under the partnership, regardless of the geographical location of the buildings where the various employees worked. It is apparent to the court that the predominant and indispensable asset and property which produced all the wages paid to the plaintiff's employees when it was a partnership, was its agency contract with the Ford Motor Company. It is quite true that this alone would produce no wages, and that physical assets such as buildings and machinery were necessary to give it value. It is equally true that these physical assets without the franchise would have produced only a small fraction of the wages which were paid. This lucrative and wage-producing asset was retained by the part-

nership after the separation of Lare and West on
April 1st, and passed on directly to the corporation
on May 1st. It is apparent, then, that the successor
corporation on May 1st acquired properties and as-
sets, the operation of which during the preceding
year involved more than 95% (in fact, 100%) of the
aggregate wages paid by the partnership.

"It follows, therefore, that the successor corpora-
tion, the plaintiff in this case, succeeded to all of the
benefits of the experience records of its predecessor,
the partnership, and that the decision of the appeal
board of the unemployment compensation commis-
sion must be reversed. A judgment in accordance
herewith may be entered."

Defendant appeals and urges that the trial court
was in error in holding that the experience records
of the corporation and the partnership could be
combined in order to determine a rate for the cor-
poration.

The statute provides that under certain conditions
a successor employer shall be entitled to a transfer
of the experience record of its predecessor employer.
The provisions for the transfer of an experience rec-
ord are contained in section 22 of the act, PA 1936
(Ex Sess), No 1, § 22, subd (a) (1), as amended by
PA 1943, No 246* (Stat Ann 1946 Cum Supp
§ 17.524 [a]) reads as follows:

"(1) That an employer has acquired the organiza-
tion, trade or business, or substantially all the assets
thereof, of a predecessor employer which at the time
of such acquisition was an employer subject to this
act, and immediately after such acquisition substan-
tially all the employing enterprises of such predeces-
sor employer are continued solely through the em-
ployer which has acquired such organization, trade
or business, and has accepted responsibility for any

---

* This section was amended by PA 1947, No 360 (CL 1948, § 421.-
22), but the quoted subdivisions of the section were not altered.—
Reporter.

unpaid contribution due and payable at the time of such acquisition; or"

The statute also provides in section 22, subd (c):

"(c) In the interpretation of this section, substantially all of the employing enterprises of a predecessor employer shall be deemed to be continued solely through a single employer as successor thereto if the commission finds that the successor has acquired business establishments or properties, or other trade or assets, the operation of which during the last 4 completed calendar quarters involved more than 95 per cent of the aggregate wages payable for employment by the predecessor employer during such period."

The above section is a mandate from the legislature providing a basis for determining when a successor employer is entitled to the experience records of its predecessor. In the case at bar the stipulated facts show:

"The aggregate wages paid by the Russ Dawson copartnership for the period from April 1, 1945, through March 31, 1946, was $294,411.87, these wages being paid for services rendered at both the principal place of business and the branch establishment at Cass avenue. Of this amount $219,985.39 was paid during that period for employment in the operation of the Woodward avenue place of business, which amount represents a fraction more [less?] than 75% of the total wages paid by the partnership during that period. The balance represents wages for employment in the Cass avenue branch."

Under the above-stipulated facts the corporation, in taking over the assets of the Woodward avenue place of business, took over a business that paid only 75% of the total wages paid by the partnership during the preceding year, and under the above sub-

division (c) the corporation was not entitled to the experience record of the partnership.

The trial court in determining that the corporation was entitled to the experience record of the partnership took into consideration that the corporation took over the agency contract with the Ford Motor Company, and held that the value of this contract as an asset enhanced the assets of the Woodward avenue business sufficient to comply with the statutory requirement.

The record is void of any evidence as to the value of the Ford Motor Company contract. The trial court was in error in placing a value upon an asset contrary to the stipulated facts as contained in the record. It follows that the plaintiff has not made a sufficient showing to enable it to claim the benefit of the experience record of the former partnership. The judgment is reversed, but without costs as a public question is involved.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, BOYLES, and REID, JJ., concurred.