**In re BERNEDDY'S, Inc.**

No. 245–50.

United States District Court
D. Massachusetts.

Oct. 30, 1952.

Harry P. Levowich, Counsel, Division of Employment Security, Boston, Mass., for petitioner.

·Joseph Kruger, Boston, Mass., for trustee in bankruptcy.

FORD, District Judge.

This matter comes before the court on the petition of the Commonwealth of .Massachusetts, through its Division of Employment Security, for a review of certain orders made by the referee at a final meeting of the creditors on June 29, 1951, al-lowing certain claims for counsel fees and other expenses of administration, closing the. estate and allowing trustee's petition to destroy books and records. Petitioner asks that these orders be set aside and that the referee be instructed to order the trustee to file or cause to be filed certain reports.

The involuntary petition in bankruptcy was filed on April 21, 1950. Bankrupt has never filed the quarterly wage and contribution returns required by Mass. G.L. (Ter.Ed.) c. 151A, § 45, as added by St. 1941, c. 685, for the first and second quarters of 1950. Acting under § 67 of that chapter, the Director of the Division of Employment Security made an assessment of $180 and filed a claim for that amount in the bankruptcy proceedings, subject to amendment on determination of the correct amount of the tax due. Trustee was requested to file the tax returns in question and has refused to do so, but has offered: to make the books and records of the bankrupt available to the Commonwealth so that it might determine the tax liability of the bankrupt. The referee on July 2, 1951 informed petitioner by letter that he was. allowing trustee's petition for leave to destroy books and records as of August 1,. 1951 to give the Commonwealth further opportunity to examine them. It appears that the Commonwealth has never availed itself of these opportunities to inspect the books.

The bankrupt estate was practically without assets. The trustee made no effort to carry on the business of the bankrupt, and consequently employed no one in connection therewith (except, of course, for the services of counsel). The total amount in the hands of the trustee on June 29, 1951 was $186.51. This sum was entirely used' up in paying the costs of administration as allowed by the referee, including fees of counsel for trustee and for petitioning creditors. The referee found that counsel were in fact entitled to greater compensation than he was able to allow them from the available assets. There is no possibility that any part of the tax claim of the Commonwealth of Massachusetts can ever be paid from the bankrupt estate.. The Commonwealth maintains, however,. that the information required to be included in the returns is important to it in determining the rights of employees of the bankrupt to unemployment compensation.

The sole question is whether the trustee in bankruptcy has any legal duty to file the tax return in question. Petitioner maintains such a duty is imposed by Mass. G.L.(Ter.Ed.) c. 151A. Passing by the question of whether this statute could impose on the trustee duties beyond those defined by the bankruptcy laws of the United States, it is clear that the statute does not purport to impose on the trustee in the present case any obligation to file the returns in question. Under § 45 of c. 151A returns are to be filed by "employing units". An "employing unit" is defined in § 1(j) as "any individual or type of organization including any * * * trustee in bankruptcy * * * who or which has

or subsequent to January first, nineteen hundred and forty-one, had one or more individuals performing services for him or it within this commonwealth." The trustee here never operated the business of the bankrupt, and hence had no one performing services for him, and hence was not an employing unit within the statutory definition. He is not subject to the reporting requirements merely because he has taken over for purposes of liquidation the assets of a bankrupt who was formerly an employer within the meaning of the statute. Commissioner of Insurance v. Broad Street Mutual Casualty Insurance Co., 312 Mass. 261, 44 N.E.2d 683, 143 A.L.R. 982. Since that decision, § 8(g) has been added to chapter 151A, subjecting to the provisions of the chapter an employing unit which "(g) Has taken under designation of a court temporary or permanent control or custody of the organization, trade or business, or substantially all the assets, of an employer subject to this chapter and employs one or more individuals whose wages are paid from or are chargeable upon the assets or estate of said employer". Again, the trustee here had no employees, and hence this provision has no application.

■ Finally, § 45 of c. 151A requires the keeping of records by an employer only as to individuals employed by him, and requires him to make reports only as to his employees. Even if the trustee had conducted the business and had had employees, he would still not be required to make returns concerning employees of the bankrupt previous to the time the trustee was appointed.

■ Petitioner further contends that the duty of filing the tax returns is imposed on the trustee by the Bankruptcy Act. The only provision thereof which seems to have any relevance is § 47, sub. a(10), 11 U.S. C.A. § 75, sub. a(10), which requires the trustee to "furnish such information concerning the estates of which they are trustees and their administration as may be requested by parties in interest". This duty would seem to have been adequately performed when trustee made available to the Commonwealth the books and records of bankrupt containing the information sought

by petitioner. Nothing in the Bankruptcy Act requires that the information be furnished in any specific form, or that expense be incurred by the estate in putting the information in the form desired by a creditor to facilitate the proof of its claim. In this respect an agency of the Commonwealth of Massachusetts stands on no better footing than any other creditor. Section 57, sub. n of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, provides: "Except as otherwise provided in this act, all claims provable under this act, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section."

■ A trustee in bankruptcy will in many cases be unable to prepare the requested tax returns in proper form without engaging the services of an accountant. The trustee in fact contends that such an expense would be involved in the preparation of the returns which the Commonwealth seeks in this case. In such a situation the preparation of a report for the benefit of one creditor, at the expense of other creditors, and especially of creditors whose claims have a higher priority, would be improper. In re James Macfarlane & Co., D.C., 14 F.2d 876. This is particularly true where, as here, there are no funds in the estate to pay the tax claim, and in fact not enough to cover the legitimate expenses of administration already incurred.

■ Petitioner urges that in the alternative the trustee should be ordered to cause the bankrupt to file the returns. In the present position of the bankrupt's estate, there is no possibility that the Commonwealth can ever collect anything on its tax claim. Its only real interest in obtaining these returns is that the information contained therein would be helpful in the administration of the state's unemployment compensation system. What it is really seeking to do is to compel the trustee to aid it in administering that system, or at least to use his powers as trustee to compel the bankrupt to do so. This has nothing to do with the trustee's function of administering the bankrupt's estate and effectuating a proper distribution of the assets to meet the claims of creditors. Grant-

ing that the Commonwealth could properly require the bankrupt to give it such assistance by furnishing information in regard to its employees, the Massachusetts law does not even purport to require the trustee to use any power he may possess in order to compel the bankrupt to comply with the laws of Massachusetts. The Massachusetts statutes provide other means of compelling the bankrupt employer to perform his duties, G.L.(Ter.Ed.) c. 151A, § 47, and it is to these that the Commonwealth should have resort.

The orders of the referee are confirmed.