226                                        330 Mass. 226

Sea Crest Hotel, Inc. *v.* Director of the Division of Employment Security.

SEA CREST HOTEL, INC. *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Barnstable. May 4, 1953. — May 26, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Employment Security,* Employing units subject to the law. *Landlord and
Tenant,* Applicability of employment security law to lessee. *Words,*
"Acquired," "Ownership."

Under a lease for seven years, or longer in certain circumstances, whereby
substantially all the assets of the proprietor of a hotel, who was an
employer subject to the employment security law, G. L. (Ter. Ed.)
c. 151A, as appearing in St. 1941, c. 685, § 1, were leased for use by
the lessee in continued operation of the hotel, the lessee "acquired"
such assets within § 8 (d) of the law and became an employer subject
thereto.

PETITION, filed in the First District Court of Barnstable
on September 11, 1950, for review of a decision by the
board of review in the division of employment security.

The case was heard by *Grover,* J.

*Stephen F. LoPiano, Jr.,* Assistant Attorney General,
(*John A. Hayes* with him,) for the respondent.

*Noah M. Gediman,* for the petitioner.

SPALDING, J. The director of the division of employment
security appeals from a decision of the First District Court
of Barnstable reversing a decision of the board of review
by which the petitioner had been held to be an employer
subject to the employment security law.

The petitioner is a corporation organized under the laws
of this Commonwealth and operates a summer hotel in
North Falmouth. In the fall of 1948, and prior thereto,
the North Falmouth Investment Co., Inc., hereinafter called
the investment company, was the owner of and had oper-
ated a hotel known originally as the Old Silver Beach Hotel
and, since sometime before February 28, 1949, known as

the Sea Crest Hotel. The investment company was a contributing employer under G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1, the employment security law. At some time after the close of the 1948 season and before February 28, 1949, proceedings were instituted in the United States District Court which resulted in the appointment of a receiver for the investment company. The receiver and the investment company on February 28, 1949, executed a lease to the petitioner according to the provisions of which the "premises . . . operated as a hotel known as the Sea Crest Hotel, together with all the buildings, appurtenances, and all personal property of every kind and nature contained in the premises; including one 1947 Plymouth beach wagon" were to be used by the petitioner "for the purpose of conducting a hotel, restaurant, night club, and the conduct of any business incidental thereto, including the sale of alcoholic liquors, etc.," for a term of seven years. The officers of the investment company appear to be the same as the officers of the petitioner. Subsequent to the execution of the lease the proceedings in the United States District Court terminated, the receiver was discharged, and the investment company reacquired title to the hotel property. The petitioner operated the hotel in the summer of 1949, and in March, 1950, the director of the division of employment security made the determination which gave rise to these proceedings.

General Laws (Ter. Ed.) c. 151A, § 8, provides that "Any employing unit shall be subject to the provisions of this chapter . . . which . . . (d) Has acquired the organization, trade, or business, or substantially all the assets thereof, of another employing unit which at the time of such acquisition was an employer . . ." subject to the chapter. The petitioner concedes in its brief that the investment company "had the status of a contributing employer" at the time the lease was executed. We infer, as did the judge below, that substantially all of the assets of the investment company passed into the petitioner's control under the lease. The petitioner does not contend the

contrary.  The question therefore narrows down to whether one who obtains under a lease of the sort here involved substantially all of the assets of an employing unit can be said to have "acquired" these assets within the meaning of § 8 (d).  The contention of the petitioner is that the word "acquired" as used in this section refers to absolute ownership and to no lesser interest.  We do not agree.  The case of *Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.* 312 Mass. 261, is relied on as supporting this position.  While it is true that the opinion in that case states at page 263 that "The word 'acquire' imports ownership, and is not satisfied by the mere custody or control that a receiver has," it cannot be taken to have limited the scope of § 8 (d) to the extent here urged.  Properly construed the language of the court in that case goes no further than to differentiate between the custody of a receiver and the requirement of § 8 (d) that the successor employer obtain a real, beneficial interest, as distinct from a purely formal one, in the business, organization, or assets of his predecessor.

The facts involved in the *Broad Street* case differ materially from those before us.  There a receiver had been appointed for the purpose of liquidating the company, and not to continue its business.  The receiver's interest in the assets of the company was the custody or control necessary to the process of liquidation.  In contrast, the interest taken by the petitioner in this case, while not a fee simple, was one of substance.  The petitioner was authorized to continue the business formerly conducted on the premises by the investment company for a period of seven years.  The petitioner also undertook certain obligations with respect to mortgages on the realty and personalty comprising the hotel, taxes, improvements, repairs other than those devolving upon it as lessee, and payments to unsecured creditors of the investment company.  Expenditures pursuant to these obligations were to be credited against the annual rent of $25,000.  The lease was to be "automatically" continued from year to year at the conclusion of the seven

year period in the event that the total of such expenditures and rental payments by the lessee exceeded the total rent required to be paid during the period, unless the lessors repaid the petitioner any balance due it. In addition to the rental for the first year of the lease the petitioner paid a sum of $10,000, to be credited against future rent. Under these conditions it is clear not only that the lease may well be extended indefinitely, but also that by its terms the petitioner obtained a qualified ownership in substantially all of the assets of the investment company, and also in effect succeeded to its business.

To own property one does not necessarily have to have an estate in fee simple. One having a lesser estate may be said to have ownership of a sort. See Restatement: Property, § 10, comment c; Tiffany, Real Property (3d ed.) § 2; *Baltimore & Ohio Railroad* v. *Walker*, 45 Ohio St. 577; *Weinberg* v. *Baltimore & Annapolis Railroad*, 200 Md. 160. It is not straining the concept of ownership unduly to say that a lessee "owns" an interest in the subject matter of the lease and that when the lease is executed he has "acquired" that interest. We are of opinion, therefore, that the ruling of the judge that "as a matter of law the petitioner had not 'acquired' anything mentioned in § 8 (d) of the act" was error. The decision of the District Court reversing the decision of the board of review is reversed, and a decision is to be entered adjudging that the petitioner is an employer subject to the employment security law.

*So ordered.*