Hillsborough,
No. 4792.

THE PARISEAU CORPORATION *v.* STATE & *a.*

Argued November 4, 1959.

Decided December 31, 1959.

*Devine, Millimet & McDonough* and *Bartram C. Branch* (*Mr. Branch* orally), for the plaintiff.

*James M. Riley, Jr.* and *Edward F. Smith* (*Mr. Riley* orally), for the defendant.

BLANDIN, J. The parties agree that the question to be determined by the court is "whether or not under the facts stated in this Agreed Statement of Facts, the provisions of the purchase and sale agreement between Pariseau's Inc. and Rooks, Inc. the two (2) balance sheets attached hereto, the Pariseau Corporation is a 'successor' under . . . RSA 282:6E to the 'separate account' of Pariseau's Inc." The issue involves the interpretation of RSA 282:6E, the material portions of which read as follows:

"6E SUCCESSORSHIP.

"(1) . . . an employing unit which acquires the organization,

trade, or business, or substantially all of the assets thereof, of any employer, excepting . . . any assets retained by such employer incident to the liquidation of his obligations . . . and who intends to continue such organization, trade or business . . . " shall have a right to the unemployment compensation merit rating of its predecessor.

At the outset, the plaintiff is faced with the proposition that it did not acquire anything from Pariseau's, but from Rooks, Inc., which in turn had purchased a portion of the business and assets of Pariseau's before the plaintiff corporation came into existence. While no jurisdiction has been more inclined to look at the substance rather than the form of legal transactions than has ours, yet the fact remains that Rooks, Inc. became an "employing unit" separate and distinct from either the plaintiff or Pariseau's. *Lund Company* v. *Rolfe*, 93 N. H. 280, 282; *Seavey Company* v. *Riley*, 95 N. H. 502, 505. For a short period Rooks alone operated the business.

If, as the plaintiff argues, Rooks, Inc. did not intend to carry on the business of Pariseau's, it did not satisfy the requirements of section 6E, which stipulates that a "successor" must "intend to continue such organization, trade or business." If, on the other hand, it may be said that Rooks did intend and did carry on the business from the opening of the store on the morning of October 4, 1954 until 2:10 P. M. on that same day, when the plaintiff corporation came into existence, then the plaintiff did not succeed to Pariseau's, but to Rooks, Inc.

The plaintiff says that direct succession is not essential and that the dealings between Pariseau's and Rooks were a mere "procedural step" which should not be considered in determining whether the plaintiff succeeded to the business of Pariseau's. A short answer to this is that the statute (RSA ch. 282) nowhere makes provision for such a procedure, but contemplates a direct succession and transfer of a business and its experience rating from the seller to its purchasing successor. While it is considered advisable to reward an employer with good employment records by giving him a favorable rating and thereby reducing his payments (anno. 22 A. L. R. (2d) 673, 676; 60 Harv. L. Rev. 276-279; 55 Yale L. J. 218, 242), the connection between him and his successor must be so close and direct as to reasonably insure a continuance of similar good conduct on the latter's part if he is to have his predecessor's rating. A basic purpose of the legislation would be

defeated by adoption of the interpretation of *s.* 6E urged by the plaintiff, which would do away with the necessity for direct successorship.

Decisions of administrative boards and lower court holdings from other jurisdictions, cited by the plaintiff in support of its argument that we should ignore the sale to Rooks as a "mere procedural step," are not persuasive. In general, they are clearly distinguishable from the case before us on their facts, the statutes involved and the policies adopted by the tribunals concerned. We decline to follow them.

It is unnecessary to decide whether the plaintiff acquired "substantially all of the assets" of Pariseau's, Inc. within the meaning of section 6E because whatever acquired was not acquired directly from Pariseau's. It follows the order is

*Petition dismissed.*

All concurred.