**WRIGHT CONSTRUCTION CO., a corporation of the State of Delaware, Plaintiff,**

**v.**

**ST. LAWRENCE FLUORSPAR, INC., a corporation of the State of Delaware, Defendant and Third-Party Plaintiff,**

**v.**

**GREAT AMERICAN INSURANCE COMPANY, a corporation of the State of New York, Third-Party Defendant.**

Superior Court of Delaware.

New Castle.

May 16, 1969.

OPINION

MESSICK, Judge.

Plaintiff, Wright Construction Co., brought this action for damages sustained by a front load shovel which had been leased by plaintiff to defendant, St. Lawrence Fluorspar, Inc. Defendant filed a third-party complaint, attempting to implead its insurer, Great American Insurance Company, as a third-party defendant. Defendant had two separate policies of insurance with third-party defendant: A property damage liability policy which contained a standard "no action" clause and excluded rented property and property which the insured had within its care, custody and control; and an "all risks" policy covering named property, which provided automatic coverage of additionally acquired property and did not contain a "no action" cause or a rented property exclusion. Third-party defendant has filed a motion to dismiss the third-party complaint, alleging first that under the "no action" clause it may not be impleaded as a third-party defendant, and second, that since the damaged shovel was rented and not named in the "all risks" policy, there was no insurance coverage for which third-party defendant could be held liable.

There are three issues in this case: First, does a "no action" clause prevent an insurer from being impleaded as a third-party defendant by its insured where no judgment has been entered against the insured? Second, is property rented by an insured properly excluded from coverage in a property damage liability policy? Third, does property rented by an insured after the effective date of an "all risks" policy covering named property, qualify as additionally acquired property?

■ A consideration of the authorities convinces this Court that a "no action" clause in a liability policy will not prevent a defendant insured from impleading his insurer as a third-party defendant, even

Albert L. Simon, Wilmington, for plaintiff.

Stanley C. Lowicki, Wilmington, for defendant and third-party plaintiff.

Joseph H. Flanzer, Wilmington, for third-party defendant.

though no judgment has been taken against the insured. See Purcell v. United States, 242 F.Supp. 789 (D.Minn.1965); Vaughn v. United States, 225 F.Supp. 890 (W.D. Tenn.1964); Irvin v. United States, 148 F.Supp. 25 (D.S.D.1957); Jordan v. Stephens, 7 F.R.D. 140 (W.D.Mo.1945); Moore, Federal Practice, Vol. 3, Sec. 14.12, p. 575; Barron & Holtzoff, Federal Practice and Procedure, Vol. 1A, Sec. 426.2, pp. 688, 690.

■ With respect to exclusion of rented property and property in the care, custody or control of the insured, it is likewise settled that such an exclusion is reasonable and proper. See Northwestern Mutual Insurance Co. v. Haglund, Mo.App., 387 S.W.2d 230 (Kansas City Ct. of App.1965); Mallory v. Vermont Mutual Fire Insurance Co., 126 Vt. 237, 226 A.2d 901 (1967). Thus, with respect to the property damage liability policy, there is no coverage of the rented shovel.

■ The final question to be considered is whether the rented shovel, although not named in the policy and rented after the effective date thereof, is covered under the "additionally acquired property" clause of the "all risks" policy. This clause provides in part for coverage of such additionally acquired property " * * * in consideration of the agreement by the Assured to report additional property of the kind insured hereunder, the property of the Assured, acquired subsequent to the attachment date of this policy * * *" It is generally conceded that the word "acquire" imports ownership. Boss v. Polk County, 236 Iowa 384, 19 N.W.2d 225, 227 (1945); Commissioner of Insurance v. Broad Street Mutual Casualty Insurance Co., 312 Mass. 261, 44 N.E.2d 683, 684, 143 A.L.R. 982 (1942). Thus, if the word "acquired", as used in the "all risks" policy means ownership, there is no coverage of the rented vehicle. The instant policy's use of the words "the property of the Assured" in describing additionally acquired property which is covered, leads this Court to con-

clude that, in order to be covered, the property must be owned by the insured. Such is not the case here.

In accordance with the above, third-party defendant's motion to dismiss is granted.

It is so ordered.