WRIGHT, Presiding Judge.
Taxpayer, Gibson’s Barbecue, Inc., an employer under the unemployment compensation law was assessed an increased rate of contribution by the Department of Industrial Relations of the State of Alabama as a successor employer under § 25-4r-54(i), Code of Alabama (1975). After denial of administrative relief, taxpayer appealed to the circuit court. The circuit court, construing § 25-4-8(a)(4)a, Code of Alabama (1975), found as a fact that taxpayer was not a successor employer and reversed the assessment of the department.
The facts from which this matter arose were materially as follows: David Gibson and Beatrice Gibson had operated a barbecue take out business in Huntsville for many years prior to March 1976. The business account with the state unemployment compensation fund was in the name of “David Gibson’s Barbecue No. 1.” Its employment record was not good and its rate of contribution to the compensation fund was high. Jessie Sanford and John Hampton, as partners had also been in the barbecue business in Huntsville for many years. They had incorporated their business in 1975 as Gibson’s Barbecue, Inc., each owning fifty percent of the stock. Gibson’s Barbecue, Inc. had an excellent employment experience with the Department and thus a low contribution rate.
On March 9, 1976, Sanford and Hampton, as partners, entered into a contract with David and Beatrice Gibson to purchase the property, inventory and equipment of David Gibson’s Barbecue No. 1 as of April 1,1976. The Gibsons agreed not to compete in the barbecue business in Huntsville for a period of ten years except for the continued operation of David Gibson’s Barbecue No. 2 at another location.
Sanford and Hampton, as partners then executed a lease of the real estate purchased to Gibson’s Barbecue, Inc. for a term of five years beginning April 1, 1976. On April 1, Gibson’s Barbecue, Inc. took possession of the premises and operation of David Gibson’s Barbecue No. 1. It also received transfer of the equipment and inventory. *1231 There was no interruption of business. Six of the regular employees remained on the job. Only the management changed. In a few days, the public name of the business was changed to Gibson’s Barbecue, Inc.
The Department combined the benefit wage record of Gibson’s Barbecue, Inc. with the benefit wage record of David Gibson’s Barbecue No. 1 for the years 1974, 1975 and 1976 to calculate the contribution rate for Gibson’s Barbecue, Inc. for the year 1977. The combining of the poor experience of the old business with the excellent experience of Gibson’s, Inc. resulted in a large increase in the rate.
The only issue presented is whether the trial court erred in finding that Gibson’s Barbecue, Inc. was not, in fact, a successor employer to David Gibson’s Barbecue No. 1 under the statute.
Section 25-4 — 8(a)(4)a provides inter alia as follows:
“(a) ‘Employer’ as used in this chapter shall mean:
“(4) Any employing unit (whether or not an employing unit at the time of acquisition) which:
“a. Acquired the organization, trade, or business, or substantially all the assets thereof, of another employing unit which at the time of such acquisition was an employer subject to this chapter.”
The trial court stated in its judgment the following:
“That sufficiently different methods of dealing with employees as well as operating the business were employed by the plaintiff to warrant a determination by the court that an entirely new operation was commenced rather than the assumption of control of a previous operation.”
We are uncertain of the meaning of this statement. It appears the court concluded that if the new owner inaugurated business and management practices after taking over that were different from those of the former owner, it was not a successor employer under the statute. We are unable to accept that conclusion. If the statement of the court means that it concluded that the “organization” of the prior employer was not “acquired” within the meaning of the statute, we agree. Six of the former employees were retained by the new owner. However, none of those were management. It has been said that the management component of the business is the “vital, integral parts required for continued operation.” Michigan Employment Sec. Comm’n v. Arrow Plating Co., 10 Mich.App. 323, 159 N.W.2d 378 (1968).
It may be further said that there is insufficient evidence that the “trade or business” of the prior owner was acquired. Though the new owner continued to sell barbecue at the same location, using some of the same employees, the same equipment, and for a while, the same name, and offered its product and service to the general public as did its predecessor, such is not proof of acquiring the “trade or business.” Within the context of the statute, acquiring the “trade or business” implies a transferral of a specific market or clientele from the former to the new. Grand Rapids Dry Goods Co. v. Michigan Employment Sec. Comm’n, 348 Mich. 177, 82 N.W.2d 479 (1957); Michigan Employment Sec. Comm’n v. Arrow Plating Co., supra.
It is further indicated that the trial court based its conclusion upon a finding that Gibson’s Barbecue, Inc. was not a successor employer because it did not “directly” acquire substantially all of the assets of David Gibson’s Barbecue No. 1. Gibson’s submits this point upon the authority of the case of Pariseau Corporation v. State, 102 N.H. 364, 156 A.2d 753 (1959).
Pariseau was a case in which a corporation was claiming to be a successor employer so that it could secure the benefit of a favorable contribution rate held by the former owner. Our case involves an attempt to avoid an unfavorable rate by claiming not to be a successor employer. In Pariseau the contract for purchase of partial assets of a business was made by one corporation. The contract was assigned on the same day to another corporation, Pariseau, wholly owned by the first corporation and organ *1232 ized for the purpose of operating the business purchased. Pariseau contended the making of the contract to purchase by the parent corporation and the subsequent forming of a new corporation and assignment of the contract were merely procedural steps and it was, in fact, a successor corporation. The court found from the evidence that the first purchasing corporation had, in fact, operated the business purchased from opening in the morning until 2:00 P.M., before the Pariseau corporation was formed and the assignment made to it. Thus, there was no direct transfer of assets to Pariseau from the employing unit with the favorable rate, but rather the original purchaser had become an employing unit while it owned and operated the business for the few hours. Therefore, Pariseau did not directly acquire from the original owner. It is not necessary that we agree or disagree with the conclusion of Pariseau, for it is clearly distinguishable on its facts.
In this case, though the contract of purchase was made by a partnership, there is no evidence that the partnership ever became an employing unit by operating the business even for a few hours as in Pari-seau. The evidence is explicit that the lease was executed between the partnership and Gibson’s, Inc. and other arrangements for transfer of assets and employees made prior to April 1, 1976. The operation of the business and transfer of possession was from David Gibson’s Barbecue No. 1 to Gibson’s Barbecue, Inc. as of the opening for business-on April 1. There was no hiatus for change of operation or possession. The employees were employees of David Gibson’s Barbecue No. 1 on March 31 and employees of Gibson’s Barbecue, Inc. on April 1. The partnership was not an intervening employing unit. We believe the statute requires only a succession of employing units through the acquisition of substantially all of the assets. Gibson’s Barbecue, Inc. acquired substantially all of the assets of David Gibson’s Barbecue No. 1 by lease of the property and transfer or sale of equipment and inventory from the partnership. At the time of the acquisition, April 1,1976, David Gibson’s Barbecue No. 1 was an employer subject to the statute. The acquisition of ownership may be said to be procedurally indirect, but the succession of both ownership and operation was, in fact, direct and simultaneous. To hold otherwise would be to permit avoidance of the purpose of the statute.
We do not consider the fact that Gibson’s Barbecue, Inc. acquired substantially all of the assets by lease rather than purchase to affect the application of the statute. One can acquire assets of a business through a leasehold interest. Sea Crest Hotel, Inc. v. Director of Division of Employ. Sec., 330 Mass. 226, 112 N.E.2d 813 (1953); Chief Freight Lines Co. v. Industrial Comm’n, 366 S.W.2d 48 (Mo.App.1963).
It is the judgment of the court that the trial court erred in applying the law to the facts and its judgment is erroneous and must be reversed.
REVERSED AND RENDERED.
BRADLEY, J., concurs.
HOLMES, J., dissents.